**THE KROGER CO., Petitioner,**

v.

**Billy ELWOOD, Respondent.**

No. 04–1133.

Supreme Court of Texas.

May 12, 2006.

Rehearing Denied Sept. 1, 2006.

Brian J. Brandstetter, Brackett & Ellis, P.C., Fort Worth, for Petitioner.

Rodney R. Elkins, Rodney R. Elkins & Co., Dallas, for Respondent.

## PER CURIAM.

Billy Elwood, a courtesy clerk at a Kroger grocery store, was injured when a customer shut her vehicle door on his hand while he was transferring items from a grocery cart to the vehicle. Elwood had placed one hand in the vehicle's doorjamb, and one foot on the cart, to keep the cart from rolling down a slope in Kroger's parking lot. In the trial court, a jury found Kroger liable for Elwood's injuries; the court of appeals affirmed the judgment. Because Kroger had no duty to warn Elwood not to place his hand in a doorjamb, and there is no evidence that additional equipment or assistance were needed to perform Elwood's job safely, we reverse and render judgment for Kroger.

Kroger is a nonsubscriber to workers' compensation; therefore, to recover damages Elwood must establish that Kroger's negligence proximately caused his injuries. *See Werner v. Colwell,* 909 S.W.2d 866, 868 (Tex.1995). Elwood alleges that Kroger provided inadequate training on how to maneuver carts on a sloped parking lot, never advised that he should take a second clerk with him to the sloped portion of the lot, and provided no explanation on how to avoid injury when loading groceries into customers' vehicles. Elwood also alleges that, even though Kro-ger was aware that customers' vehicles were often damaged by rolling carts in the sloped parking area, it never provided carts with locking wheels or wheel blocks.

A jury found Kroger liable for Elwood's injuries, but also determined that Elwood was forty percent negligent. The trial court reduced Elwood's judgment accordingly. A divided court of appeals affirmed the verdict, holding it was supported by factually and legally sufficient evidence. 2004 WL 2567069. Because nonsubscribers are not entitled to a contributory negligence instruction, the court of appeals reformed the judgment and awarded Elwood one hundred percent of the damages. 2004 WL 2567069 (citing *Kroger Co. v. Keng,* 23 S.W.3d 347, 352 (Tex.2000)). Kroger now petitions for review, arguing that there is no evidence to support the jury's verdict.

To establish negligence, a party must establish a duty, a breach of that duty, and damages proximately caused by the breach. *Werner,* 909 S.W.2d at 869 (citing *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987)). Whether a duty exists is a threshold inquiry and a question of law; liability cannot be imposed if no duty exists. *Van Horn v. Chambers,* 970 S.W.2d 542, 544 (Tex.1998).

An employer has a duty to use ordinary care in providing a safe workplace. *Farley v. M M Cattle Co.,* 529 S.W.2d 751, 754 (Tex.1975). It must, for example, warn an employee of the hazards of employment and provide needed safety equipment or assistance. *Id.* However, an employer is not an insurer of its employees' safety. *Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex.1996); *Exxon Corp. v. Tidwell,* 867 S.W.2d 19, 21 (Tex.1993). It owes no duty to warn of hazards that are commonly known or already appreciated by the employee. *See Nat'l Conven-*

*ience Stores, Inc. v. Matherne,* 987 S.W.2d 145, 149 (Tex.App.—Houston [14th Dist.] 1999, no pet.). It has no duty to provide equipment or assistance that is unnecessary to the job's safe performance. *See Allsup's Convenience Stores, Inc. v. Warren,* 934 S.W.2d 433, 438 (Tex.App.—Amarillo 1996, writ denied). And, when an employee's injury results from performing the same character of work that employees in that position have always done, an employer is not liable if there is no evidence that the work is unusually precarious. *Werner,* 909 S.W.2d at 869 (citing *Great Atl. & Pac. Tea Co. v. Evans,* 142 Tex. 1, 175 S.W.2d 249, 251 (1943)).

In this case, there is no evidence that loading groceries on the sloped portion of Kroger's parking lot is an unusually dangerous job, nor is there evidence that other courtesy clerks sustained similar injuries while loading groceries on the sloped lot. Indeed, loading purchases into vehicles is a task performed regularly—without any special training or assistance—by customers throughout the grocery and retail industry. While there is evidence that grocery carts had rolled into vehicles due to the parking lot's slope and may have posed a foreseeable risk of damage to customers' vehicles, this is no evidence that the slope posed a foreseeable risk of injury to Kroger's employees. Elwood presented no evidence that his job required specialized training. *See Nat'l Convenience Stores,* 987 S.W.2d at 149. Elwood testified that, prior to working at Kroger, he knew it was dangerous to place his hand in a vehicle's doorjamb. Moreover, there is no evidence that carts with wheel locks or additional personnel were necessary to safely load groceries. *See Allsup's Convenience Stores,* 934 S.W.2d at 438.

Kroger had no duty to warn Elwood of a danger known to all and no obligation to provide training or equipment to dissuade an employee from using a vehicle door-jamb for leverage. Employers are not insurers of their employees. *See Leitch,* 935 S.W.2d at 117; *Exxon Corp.,* 867 S.W.2d at 21. Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and render judgment for Kroger. *See* TEX. R. APP. P. 59.1, 60.2(c).