**BROOKSHIRE GROCERY COMPANY, Petitioner,**

v.

**Barbara GOSS, Respondent.**

No. 07–0085.

Supreme Court of Texas.

Aug. 29, 2008.

Mike A. Hatchell, Sarah B. Duncan, Elissa Gail Underwood, Locke Lord Bissell & Liddell, LLP, Austin, Deborah J. Race, Ireland Carroll & Kelley, P.C., Charles H. Clark, Clark Lea Rutter & Logsdon, Charles Lewis Ainsworth, Parker, Bunt & Ainsworth, PC, Tyler, John W. Alexander, Alexander & Boswell, Winnsboro, TX, for Petitioner.

P. Michael Jung, Strasburger & Price, L.L.P., Dallas, Jeffrey R. Ward, George

Alan Boll, Juneau, Boll, Ward & Carboy, P.L.L.C., Addison, TX, for Respondent.

Kimberly Paige Harris, Uloth & Peavler, L.L.P., Dallas, TX, AMA for Amicus Curiae.

PER CURIAM.

A grocery store employee was injured when she attempted to maneuver around a loaded cart. A jury found that her employer's negligence proximately caused the incident, and the court of appeals affirmed the trial court's judgment. Because we conclude that any danger of stepping around such carts is commonly known, we hold that the employer had no duty to warn employees of the risk or provide specialized training to avoid that hazard. We reverse and render judgment that the employee take nothing.

In November 2002, Barbara Goss was working in the deli department of a Brookshire Grocery store, where she had been employed since 1999. She went to retrieve items from a deli cooler that had been packed with various carts stocked with food for the upcoming Thanksgiving holiday. To get what she needed, she had to maneuver around a "lowboy" loading cart stocked two to three feet high with frozen turkey and ham dinners.[1] She successfully stepped over the cart and entered the cooler. After she retrieved what she needed, she turned around to leave the cooler and hit her shin on the lowboy, causing her to reach out for a shelf to prevent herself from falling. In doing so, she injured her back. She was immediately taken to the hospital and has since been under medical care.

Goss sued Brookshire, alleging that it failed to adequately warn employees of the risks of maneuvering around lowboy carts.[2] The jury found Brookshire negligent and awarded Goss damages for physical pain and mental anguish, loss of earning capacity, physical impairment, and medical expenses. Brookshire appealed.[3] The court of appeals affirmed the judgment, concluding that Brookshire owed Goss a duty to warn of the safe handling of lowboys and that its failure to warn of the attendant risks caused Goss's injury. 208 S.W.3d 706, 716–17. The court overruled Brookshire's other points of error, see id. at 717–23, and Brookshire petitioned this Court for review. T h e threshold question here is one of duty, as we have held that an employer "owes no duty to warn of hazards that are commonly known or already appreciated by the employee." See Kroger Co. v. Elwood, 197 S.W.3d 793, 794 (Tex.2006); see also Jack in the Box, Inc. v. Skiles, 221 S.W.3d 566, 568 (Tex.2007). In Elwood, Billy Elwood jammed his hand in a customer's car door while preventing a grocery cart from rolling on a sloped hill. 197 S.W.3d at 794. Elwood argued that "Kroger provided inadequate training on

---

1. A lowboy cart measures roughly two-and-a-half feet by five feet and its bed sits about ten inches off the ground. It has four wheels and a handle on one end and measures about forty-two inches from the ground up.

2. Brookshire is a nonsubscriber under the Texas Worker's Compensation Act; an employee suing Brookshire for personal injuries must prove that Brookshire's negligence proximately caused those injuries. See TEX. LABOR CODE § 406.033; Kroger Co. v. Elwood, 197 S.W.3d 793, 794 (Tex.2006).

3. We previously denied Brookshire's post-trial petition for writ of mandamus. See In re Brookshire Grocery Co., 250 S.W.3d 66, 73 (Tex.2008). In that proceeding, we held that the trial court lacked jurisdiction to grant a second motion for new trial, filed on February 1, 2005, because its plenary power expired on January 10, thirty days after the court overruled Brookshire's first motion for new trial. Id. at 72.

how to maneuver carts on a sloped parking lot, never advised that he should take a second clerk with him to the sloped portion of the lot, and provided no explanation on how to avoid injury when loading groceries into customers' vehicles." *Id.* We held that "Kroger had no duty to warn Elwood of a danger known to all." *Id.* at 795. We noted that loading groceries was a task performed regularly and that there was no evidence that loading groceries was an unusually dangerous job, no evidence that other clerks sustained similar injuries, and some evidence that Elwood knew putting his hand into a door jamb was dangerous. *Id.*

In *Jack in the Box v. Skiles,* we held that even when a dangerous condition is not part of an employee's regular duties, there is no duty owed if the employee already knows about the danger. 221 S.W.3d at 568–69. In *Skiles,* a lift gate on a delivery truck broke, and company policy required delivery persons to suspend deliveries until the lift gate could be fixed. *Id.* at 567. Nevertheless, Skiles called a maintenance supervisor and alleged that he obtained approval to use a ladder to climb over the lift gate to get boxes of frozen hamburgers. *Id.* Concluding that "any dangers associated with using a ladder to jump over a lift gate were obvious to Skiles," we relied on our decision in *Elwood* and held that Jack in the Box owed no duty to Skiles. *Id.* at 568.

■ As in *Elwood* and *Skiles,* there was no evidence here that keeping a loaded lowboy in a cooler was unusually dangerous. A stationary, loaded lowboy is easily visible, and Goss saw it upon entering the cooler. To the extent that stepping over a lowboy is dangerous, it is a danger apparent to anyone, including Goss. Goss asserts that she should have been warned that "entering a confined space such as the cooler with a lowboy cart there is danger-

ous, because you may get into a situation where you will injure yourself." But an employer owes no duty to warn of hazards commonly known or already appreciated by the employee, *Kroger,* 197 S.W.3d at 794, and Goss had both previously encountered lowboys in the course of her work and was able to safely navigate around this lowboy when she entered the cooler. Moreover, the fact that the cart was in a confined space does not change the nature of the risk; in *Elwood,* the employee similarly argued that a grocery cart on a downhill slope made the risk of jamming one's hand in a door more likely. *Elwood,* 197 S.W.3d at 794. But like avoiding sticking one's hand in a door, stepping over a cart is a risk commonly known to anyone. *See id.* at 794. The court of appeals couched Brookshire's argument as an "assumption of the risk" defense no longer available in Texas. 208 S.W.3d at 715. But duty is not an affirmative defense. Rather, it "depends on a legal analysis balancing a number of factors, including the risk, foreseeability, and likelihood of injury, and the consequences of placing the burden on the defendant," *Gen. Elec. Co. v. Moritz,* 257 S.W.3d 211 (Tex. 2008), and is an essential element to liability. *See id.; Skiles,* 221 S.W.3d at 568–69; *Elwood,* 197 S.W.3d at 795.

Because we conclude that Brookshire owed no duty to warn Goss of a risk commonly known and appreciated, we grant the petition for review and, without hearing argument, we reverse the court of appeals' judgment and render judgment for Brookshire. Tex.R.App. P. 59.1, 60.2(c).