

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-285-CV

FLOYD SMITH                                                    APPELLANT

V.

SHOFNER AUTO REPAIR, INC.                                      APPELLEE

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Floyd Smith appeals from the trial court's grant of summary judgment on his premises liability claim against Appellee Shofner Auto Repair, Inc. Because we hold that Shofner had no duty to protect Smith from ice in its parking lot, we affirm.

---

[1] *See* Tex. R. App. P. 47.4.

In 2005, Arlington, Texas experienced a "winter storm event" between 7:00 a.m. on December 7 and 2:00 a.m. on December 8. The storm produced an accumulation of ice and snow on the ground in the area. Shofner is located in Arlington.

On December 8, 2005, Smith slipped on ice in Shofner's parking lot and fell, sustaining injuries. He later sued Shofner, alleging that he was an employee of Shofner, that he fell while attempting to move a vehicle at his employer's request, and that his fall was caused by ice, which was a dangerous condition.

Shofner filed a motion for summary judgment on the ground that as a matter of law, naturally-occurring ice is not an unreasonably dangerous condition and therefore Shofner had no duty to protect Smith from the ice. The trial court granted summary judgment for Shofner, and Smith appealed.

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim.[2] When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts

---

[2] *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *see* Tex. R. Civ. P. 166a(b), (c).

in the nonmovant's favor.[3]

Smith raises three issues on appeal. In his first issue, Smith argued that there was a disputed fact issue about whether or not his claim occurred. In his second issue, Smith argues that the trial court erred by granting Shofner a no-evidence summary judgment. In his third issue, Smith argues that he established that Shofner was his employer and owed him a legal duty. We first address Smith's third issue because it is dispositive.

In his petition, Smith argued that he was injured "as a result of a dangerous condition" on Shofner's property. A premises owner does not have a duty to reduce or eliminate *any* condition on the premises that may be dangerous; the owner only has a duty to address a condition that poses an *unreasonable* risk of harm.[4] Thus, in a premises liability case, one element that the plaintiff must establish is the premises owner's actual or constructive knowledge of a dangerous condition on the premises that posed an unreasonable risk of harm.[5]

---

[3] *IHS Cedars Treatment Ctr.*, 143 S.W.3d at 798.

[4] *Wal-Mart Stores, Inc. v. Surratt*, 102 S.W.3d 437, 442 (Tex. App.—Eastland 2003, pet. denied) ("The premises owner/operator only owes a duty to reduce or eliminate conditions which pose an unreasonable risk of harm.").

[5] *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (requiring plaintiff in premises liability case to establish premises owner's actual

3

In *Surratt*, the Eastland Court of Appeals held that a premises owner "does not have a duty to protect its invitees from conditions caused by a natural accumulation of frozen precipitation on its parking lot because such an accumulation does not constitute an unreasonably dangerous condition."[6] This court subsequently addressed the issue of ice accumulation in a parking lot as a premises defect.[7] In *Griffin*, we agreed with the reasoning of *Surratt* and held that as a matter of law, a premises owner had no duty to protect an invitee from naturally-occurring ice accumulation in a parking lot.[8] Consequently, we held that there was no evidence that the defendant premises owner failed to exercise reasonable care to reduce or eliminate the risk caused by a condition posing an unreasonable risk of harm.[9]

---

or constructive knowledge of dangerous condition on premises that posed an unreasonable risk of harm and that owner did not exercise reasonable care to reduce or eliminate the risk, proximately causing plaintiff's injuries); *see also Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007).

[6] 102 S.W.3d at 445.

[7] *See Griffin v. 1438, Ltd.*, No. 2-03-00255-CV, 2004 WL 1595787, at *4 (Tex. App.—Fort Worth July 15, 2004, no pet.) (mem. op.) (holding "as a matter of law, that IHOP did not have a duty to protect Griffin from the natural accumulation of frozen precipitation on its parking lot").

[8] *See id.*; *see also M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 676 (Tex. 2004) (declining to hold landowners accountable for naturally accumulating mud that remains in its natural state).

[9] *See Griffin*, 2004 WL 1595787, at *4.

In this case, Shofner submitted evidence that the ice in the parking lot occurred naturally as the result of a winter storm, and Smith did not dispute the issue.[10] Following *Griffin*, we therefore hold that naturally-occurring ice in a parking lot does not constitute an unreasonably dangerous condition under the law, and Shofner consequently had no duty to protect invitees, including Smith, from the ice.[11]

Smith argues, however, that because he was an employee, in addition to the duty owed to him as an invitee, Shofner owed him a duty to provide a safe workplace. Smith is correct that an employer that is not a subscriber to worker's compensation has a common law duty to use ordinary care in providing a safe workplace.[12] But an employer is not an insurer of its employees' safety, and an employer has no duty to warn an employee of dangers that are commonly known or already appreciated by the employee.[13]

---

[10] *See, e.g.*, *Fair v. Scott & White Mem'l Hosp.*, No. 03-06-00211-CV, 2008 WL 2388018, at *2 (Tex. App.—Austin June 13, 2008, pet. filed) (mem. op.) (holding that defendants did not meet their summary judgment burden as to whether ice plaintiff slipped on was in its natural condition).

[11] *See Griffin*, 2004 WL 1595787, at *4.

[12] *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006).

[13] *Id.*; *Brookshire Grocery Co. v. Goss*, 262 S.W.3d 793, 794 (Tex. 2008) (holding that because danger at issue was commonly known, employer had no duty to warn employees of risk or provide specialized training to avoid it).

In this case, Shofner argued in its motion for summary judgment that the icy conditions were open and obvious. It introduced evidence to support its claim that the icy conditions were well-publicized in advance and obvious to observers, and in Smith's own affidavit in his response to the motion, he stated that on his way in to work that morning, "the weather was cold with snow and ice." Because the evidence demonstrated that the icy conditions were commonly known and were appreciated by Smith, and because the danger of ice is commonly appreciated, Shofner had no duty toward him with respect to the ice.[14] Accordingly, Smith was precluded from recovering on the theory that Shofner owed him a duty as an employer with respect to the ice, and therefore the trial court did not err by granting summary judgment for Shofner.[15] We overrule Smith's third issue.

---

[14] *See Brookshire Grocery*, 262 S.W.3d at 794.

[15] *See Withrow v. State Farm Lloyds*, 990 S.W.2d 432, 437–38 (Tex. App.—Texarkana 1999, pet. denied) (affirming summary judgment on cause of action not specifically addressed in movant's motion where reversing the summary judgment would be meaningless because omitted cause of action was precluded as a matter of law)*; see also Quicksilver Res., Inc. v. Reliant Energy Servs., Inc.*, No. 2-02-00249-CV, 2003 WL 22211521, at *4 (Tex. App.—Fort Worth Sept. 25, 2003, no pet.) (mem. op.) (holding that because appellant could not recover on defense, reversal of summary judgment on ground that motion failed to address it would be meaningless).

Because we have held that the trial court did not err by granting summary judgment on the issue of duty, we do not reach Smith's remaining issues.[16]

Having overruled Smith's third issue, which is dispositive, we affirm the trial court's summary judgment.


LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DELIVERED:  April 9, 2009

---

[16] *See* Tex. R. App. P. 47.1.

7