COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-285-CV

 

 

FLOYD
SMITH                                                                     APPELLANT

 

                                                   V.

 

SHOFNER
AUTO REPAIR, INC.                                                  APPELLEE

 

                                              ------------

 

            FROM THE 17TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Floyd Smith appeals from the trial
court=s grant
of summary judgment on his premises liability claim against Appellee Shofner
Auto Repair, Inc.  Because we hold that
Shofner had no duty to protect Smith from ice in its parking lot, we affirm.








In 2005, Arlington, Texas experienced a Awinter
storm event@ between 7:00 a.m. on December 7
and 2:00 a.m. on December 8.  The storm
produced an accumulation of ice and snow on the ground in the area.  Shofner is located in Arlington.

On December 8, 2005, Smith slipped on ice in
Shofner=s
parking lot and fell, sustaining injuries. 
He later sued Shofner, alleging that he was an employee of Shofner, that
he fell while attempting to move a vehicle at his employer=s
request, and that his fall was caused by ice, which was a dangerous condition.

Shofner filed a motion for summary judgment on
the ground that as a matter of law, naturally-occurring ice is not an
unreasonably dangerous condition and therefore Shofner had no duty to protect
Smith from the ice.  The trial court
granted summary judgment for Shofner, and Smith appealed.








A
defendant who conclusively negates at least one essential element of a cause of
action is entitled to summary judgment on that claim.[2]  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s favor.[3]

Smith
raises three issues on appeal.  In his
first issue, Smith argued that there was a disputed fact issue about whether or
not his claim occurred.  In his second
issue, Smith argues that the trial court erred by granting Shofner a
no-evidence summary judgment.  In his
third issue, Smith argues that he established that Shofner was his employer and
owed him a legal duty.  We first address
Smith=s third
issue because it is dispositive.

In his
petition, Smith argued that he was injured Aas a
result of a dangerous condition@ on
Shofner=s
property.  A premises owner does not have
a duty to reduce or eliminate any condition on the premises that may be
dangerous; the owner only has a duty to address a condition that poses an unreasonable
risk of harm.[4]  Thus, in a premises liability case, one
element that the plaintiff must establish is the premises owner=s actual
or constructive knowledge of a dangerous condition on the premises that posed
an unreasonable risk of harm.[5]








In Surratt,
the Eastland Court of Appeals held that a premises owner Adoes not
have a duty to protect its invitees from conditions caused by a natural
accumulation of frozen precipitation on its parking lot because such an
accumulation does not constitute an unreasonably dangerous condition.@[6]  This court subsequently addressed the issue
of ice accumulation in a parking lot as a premises defect.[7]  In Griffin, we agreed with the
reasoning of Surratt and held that as a matter of law, a premises owner
had no duty to protect an invitee from naturally-occurring ice accumulation in
a parking lot.[8]  Consequently, we held that there was no
evidence that the defendant premises owner failed to exercise reasonable care
to reduce or eliminate the risk caused by a condition posing an unreasonable
risk of harm.[9]








In this
case, Shofner submitted evidence that the ice in the parking lot occurred
naturally as the result of a winter storm, and Smith did not dispute the issue.[10]  Following Griffin, we therefore hold
that naturally-occurring ice in a parking lot does not constitute an
unreasonably dangerous condition under the law, and Shofner consequently had no
duty to protect invitees, including Smith, from the ice.[11]

Smith
argues, however, that because he was an employee, in addition to the duty owed
to him as an invitee, Shofner owed him a duty to provide a safe workplace.  Smith is correct that an employer that is not
a subscriber to worker=s compensation has a common law
duty to use ordinary care in providing a safe workplace.[12]  But an employer is not an insurer of its employees= safety,
and an employer has no duty to warn an employee of dangers that are commonly
known or already appreciated by the employee.[13]








In this case, Shofner argued in its motion for
summary judgment that the icy conditions were open and obvious.  It introduced evidence to support its claim
that the icy conditions were well-publicized in advance and obvious to
observers, and in Smith=s own affidavit in his response
to the motion, he stated that on his way in to work that morning, Athe
weather was cold with snow and ice.@  Because the evidence demonstrated that the
icy conditions were commonly known and were appreciated by Smith, and because
the danger of ice is commonly appreciated, Shofner had no duty toward him with
respect to the ice.[14]  Accordingly, Smith was precluded from
recovering on the theory that Shofner owed him a duty as an employer with
respect to the ice, and therefore the trial court did not err by granting
summary judgment for Shofner.[15]  We overrule Smith=s third
issue.








Because
we have held that the trial court did not err by granting summary judgment on
the issue of duty, we do not reach Smith=s
remaining issues.[16]

Having
overruled Smith=s third issue, which is
dispositive, we affirm the trial court=s
summary judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL: 
DAUPHINOT, GARDNER, and MEIER, JJ.

 

DELIVERED: 
April 9, 2009











[1]See Tex. R. App. P. 47.4.





[2]IHS Cedars Treatment Ctr.
of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004); see
Tex. R. Civ. P. 166a(b), (c).





[3]IHS Cedars Treatment Ctr., 143 S.W.3d at 798.





[4]Wal‑Mart Stores,
Inc. v. Surratt, 102 S.W.3d 437, 442 (Tex. App.CEastland 2003, pet. denied) (AThe premises
owner/operator only owes a duty to reduce or eliminate conditions which pose an
unreasonable risk of harm.@).





[5]See Keetch v. Kroger Co., 845 S.W.2d 262, 264
(Tex. 1992) (requiring plaintiff in premises liability case to establish
premises owner=s actual or constructive
knowledge of dangerous condition on premises that posed an unreasonable risk of
harm and that owner did not exercise reasonable care to reduce or eliminate the
risk, proximately causing plaintiff=s injuries); see also Brinson Ford, Inc. v.
Alger, 228 S.W.3d 161, 162 (Tex. 2007).





[6]102 S.W.3d at 445.





[7]See Griffin v. 1438, Ltd., No. 2‑03‑00255‑CV,
2004 WL 1595787, at *4 (Tex. App.CFort Worth July 15, 2004, no pet.) (mem. op.)
(holding Aas a matter of law, that
IHOP did not have a duty to protect Griffin from the natural accumulation of
frozen precipitation on its parking lot@).





[8]See id.; see also M.O. Dental
Lab v. Rape, 139 S.W.3d 671, 676 (Tex. 2004) (declining to hold landowners
accountable for naturally accumulating mud that remains in its natural state).





[9]See Griffin, 2004 WL 1595787, at *4.





[10]See, e.g., Fair v. Scott &
White Mem=l Hosp., No. 03‑06‑00211‑CV,
2008 WL 2388018, at *2 (Tex. App.CAustin June 13, 2008, pet. filed) (mem. op.)
(holding that defendants did not meet their summary judgment burden as to
whether ice plaintiff slipped on was in its natural condition).





[11]See Griffin, 2004 WL 1595787, at *4.





[12]Kroger Co. v. Elwood, 197 S.W.3d 793, 794
(Tex. 2006).





[13]Id.; Brookshire Grocery
Co. v. Goss, 262 S.W.3d 793, 794 (Tex. 2008) (holding that because danger
at issue was commonly known, employer had no duty to warn employees of risk or
provide specialized training to avoid it).





[14]See Brookshire Grocery, 262 S.W.3d at 794.





[15]See Withrow v. State Farm
Lloyds,
990 S.W.2d 432, 437B38 (Tex. App.CTexarkana 1999, pet.
denied) (affirming summary judgment on cause of action not specifically
addressed in movant=s motion where reversing
the summary judgment would be meaningless because omitted cause of action was
precluded as a matter of law); see also Quicksilver Res., Inc. v. Reliant
Energy Servs., Inc., No. 2‑02‑00249‑CV, 2003 WL 22211521,
at *4 (Tex. App.CFort Worth Sept. 25,
2003, no pet.) (mem. op.) (holding that because appellant could not recover on
defense, reversal of summary judgment on ground that motion failed to address
it would be meaningless).





[16]See Tex. R. App. P. 47.1.