# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-10902

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2014

Lyle W. Cayce
Clerk

AUBREY KILCHRIST,

Plaintiff–Appellant Cross–Appellee

v.

SIKA CORPORATION,

Defendant–Appellee Cross–Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-2567

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

This is a slip-and-fall case where the jury returned a verdict for the plaintiff, and the district court granted judgment as a matter of law for the defendant–premises on the grounds that it owed the plaintiff no duty as a matter of law. We affirm.

## I. FACTS

Plaintiff Aubrey Kilchrist ("Kilchrist") was employed by Distribution Technologies ("DisTech") as a truck driver. Defendant Sika Corporation

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10902

("Sika") engaged DisTech as an independent contractor to provide trucking services to the Sika plant in question. Sika produces a chemical known as admix that comes in a variety of colors and is especially slippery. Sika implemented policies for frequent water rinses to remove any slippery admix from the floor. Thus, the floor was often wet.

The Sika plant is equipped with several large bays for loading and unloading trucks. The loading and unloading area is surrounded by a dike to prevent water and other materials from washing into the street. Sika insists that it notified DisTech of these conditions and that DisTech in turn briefed its employees, including Kilchrist, regarding the risk. Kilchrist apparently had rubber soles added to his work shoes to prevent him from slipping.

On September 15, 2009, Kilchrist arrived at the plant to fill his truck with a load of admix. However, the bays were occupied, and he was forced to wait. Before going to lunch, Kilchrist arranged to have another driver pull his truck into a bay when one became available. Upon returning, Kilchrist entered the Sika plant through the front office and stepped over the dike and into the loading bay area. Kilchrist testified that he saw that the floor of the plant was wet. He proceeded to approach his truck, which was in the loading bay as arranged. At this point, Kilchrist slipped on a liquid that he believed to be water, but that allegedly contained admix. The contents of the liquid are disputed. Kilchrist claims that the liquid on the floor was clear and indistinguishable from water. As a result of his fall, Kilchrist has undergone several surgeries and has not been able to return to work as a truck driver.

## II. PROCEDURAL HISTORY

On August 16, 2010, Kilchrist filed a premises liability case in state court against Sika for damages he sustained as a result of his fall. On December 16, 2010, the case was removed to the United States District Court for the

No. 12-10902

Northern District of Texas. The district court bifurcated the trial: the jury would first make a determination on liability and then, if necessary, a second phase would take place to determine damages. During trial, Sika moved for judgment as a matter of law under Federal Rule of Civil Procedure Rule 50 on the grounds that Sika owed no duty to an independent contractor's employee to warn of, or make safe, an open and obvious hazard of which the plaintiff was already aware. The court reserved its ruling on the issue, noting that it was a close call as to whether the presence of admix in the puddle was known and obvious or was instead a concealed hazard. The court explained that it was only the statement by Kilchrist that he "had no way of knowing that what appeared to be ordinary water was actually something much more hazardous" that allowed his case to survive the motion and proceed to trial for the time being.

The jury returned a verdict on liability of 60% for Sika, 40% for DisTech, and 0% for Kilchrist. Sika re-urged its Rule 50 motion for judgment as a matter of law, and after hearing the arguments of counsel and reviewing the trial transcript, the district court granted the motion and entered a take nothing judgment for Sika. In granting the judgment as a matter of law in favor of Sika, the district court found that Sika had no duty because Kilchrist was aware of the danger. The court was particularly influenced by Kilchrist's testimony at trial that he had known for several months both that the area was always wet and that it could contain admix. Thus, "the alleged hazard was not concealed" because Kilchrist knew that "admix could be [present]" in the area where he slipped.

3

No. 12-10902

Kilchrist timely appealed the district court's grant of Sika's motion for judgment as a matter of law.[1]

## III. DISCUSSION

"We review de novo the district court's ruling on a motion for judgment as a matter of law." *Flowers v. S. Reg'l Physician Servs.*, 247 F.3d 229, 235 (5th Cir. 2001). Again, the trial court held that, as a matter of law, because Kilchrist knew both that the area was actually wet and that it could contain admix, the risk was "commonly known or already appreciated by the employee" such that Sika had no duty to warn. *See Brookshire Grocery Co. v. Goss*, 262 S.W.3d 793, 795 (Tex. 2008) (per curiam) (citation omitted).

Kilchrist contends he had no actual knowledge admix was present near his truck on the day he fell. He argues that the fact that he knew admix *could* be on the floor does not mean that he actually knew that admix *was* on the floor, and thus that he did not appreciate the risk. This is a distinction without a difference. Kilchrist appreciated the risk admix posed and the substantial likelihood it was present in the facility. Kilchrist testified that the area near where his truck was parked "was always wet." He agreed, on cross-examination that he had known for months preceding the accident that the ground "was always wet with water, admix, and potentially other chemicals." He testified that on the day of his fall, the entire area inside the dike was wet and he agreed that there was not a single dry spot. Although he stated he had

---

[1] Assuming this Court were to remand, Kilchrist raised additional issues: the trial on remand should be limited to damages only; and in the event that liability is retried, the district court should be directed to conduct a unitary, rather than bifurcated trial. Sika cross-appealed, arguing that the district court erred in refusing to submit Sika's special jury instruction. Specifically, Sika had sought to have a statement regarding an independent contractor's duty to warn its employees of potential hazards included in the jury instructions. Because we affirm, we do not reach either parties' issues concerning remand.

not seen admix on the side of the truck where he slipped, he conceded that he had seen admix inside the dike system. He knew that the floor where he stepped was wet and that it could contain admix and that admix was a particularly slippery substance. We hold that Sika owed no duty to warn Kilchrist of a danger he already appreciated. *See Goss*, 262 S.W.3d at 795; *see also Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam) (citation omitted).

Finally, we note that this case is distinguishable factually and legally from *Austin v. Kroger Tex. L.P.*, 731 F.3d 418 (5th Cir. 2013). In *Austin*, the plaintiff's duties as the floor maintenance person included cleaning spills on the floor. *Austin*, 731 F.3d at 429. Thus, the plaintiff had "no choice but to confront" the hazard; here, Kilchrist was not specifically required to step in the puddle. Thus, Kilchrist was not faced with the same "quit, or clean" dilemma confronted by the plaintiff in *Austin. Id.* Moreover, this case does not invoke the issues raised by *Austin*. Specifically, *Austin* "does not center on an alleged failure to warn," *id.*, while this case on appeal is only about an alleged failure to warn.[2]

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the trial court's grant of judgment as a matter of law.

---

[2] Although Kilchrist initially raised negligence on several different grounds, including failure to maintain premises in a safe condition and failure to correct a dangerous condition, he abandoned those arguments before the district court. By not arguing Sika's alleged failure to maintain a safe premises and failure to correct a dangerous condition before the district court, Kilchrist has waived those arguments. *See Celanese Corp. v. Martin K. Eby Constr. Co. Inc.*, 620 F.3d 529, 531 (5th Cir. 2010).