# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2023

Lyle W. Cayce
Clerk

———————

No. 22-10182

———————

Harold Sauls; Linda Sauls,

*Plaintiffs—Appellants*,

*versus*

24 Hour Fitness USA, Incorporated,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-953

———————————————————

Before Higginbotham, Graves, and Douglas, *Circuit Judges*.

Per Curiam:[*]

In this premises-liability suit, Plaintiffs-Appellants Harold and Linda Sauls ("Appellants") appeal the district court's grant of Defendant-Appellee 24 Hour Fitness USA, Inc.'s ("24 Hour Fitness") renewed motion for judgment as a matter of law following a jury verdict in favor of Appellants. We REVERSE and RENDER judgment for Appellants.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10182

## I.

In 2018, Harold Sauls toured a gym operated by 24 Hour Fitness in Texas.  A 24 Hour Fitness employee led the tour and brought Mr. Sauls to the gym's "wet area" containing the pool, in ground-hot tub, sauna, and steam room.  Prior to Mr. Sauls' arrival, the hot tub was drained to replace a lightbulb.  There were no warnings or barriers around the hot tub, even though it was standard practice to post warning signs on the doors and at the front desk when the hot tub was drained.  The employee held the door open for Mr. Sauls to enter the wet area.  After taking approximately six steps into the wet area, Mr. Sauls lost his footing and fell into the empty hot tub, resulting in serious injuries.

Appellants filed a premises liability suit against 24 Hour Fitness in Texas state court for damages they sustained as a result of the fall.  24 Hour Fitness removed the case to federal court.  The case proceeded to trial, and at the close of Appellants' evidence, 24 Hour Fitness moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), arguing that the empty hot tub was an open and obvious condition.  The district court reserved ruling on the motion and submitted the case to the jury.

At the conclusion of the trial, the jury found Mr. Sauls ten percent at fault and 24 Hour Fitness ninety percent at fault.  The jury awarded $1,435,505.28 to Mr. Sauls for past and future physical pain, mental anguish, physical impairment, and medical expenses.  The jury also awarded $81,000 to Mrs. Sauls for past and future loss of household services and loss of consortium.

Before the district court entered judgment, 24 Hour Fitness renewed its motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), again asserting that the evidence was legally insufficient to support the jury's verdict because the hot tub was open and obvious.  The

district court granted the motion, vacated the jury verdict, and dismissed the claims, finding that "[t]he caselaw overwhelming[ly] supports the conclusion that the hot tub is an open and obvious condition as a matter of law." Appellants timely appealed.

## II.

"A motion for judgment as a matter of law. . . in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 235 (5th Cir. 2001) (citations omitted). Thus, "[a] jury verdict must be upheld unless 'there is *no* legally sufficient evidentiary basis for a reasonable jury to find' as the jury did." *Jones v. Kerrville State Hosp.*, 142 F.3d 263, 265 (5th Cir. 1998) (citing Fed. R. Civ. P. 50(a)(1).) (emphasis added). In other words, "[a] post-judgment motion for judgment as a matter of law should only be granted when the facts and inferences point so strongly in favor of the movant that a rational jury could not reach a contrary verdict." *Thomas v. Hughes*, 27 F.4th 995, 1008 (5th Cir. 2022) (citations omitted).

Our court reviews a district court's ruling on a motion for judgment as a matter of law *de novo*. *Id*. Although our review is *de novo*, we recognize that "our standard of review with respect to a jury verdict is especially deferential." *Brown v. Bryan County, OK.*, 219 F.3d 450, 456 (5th Cir. 2000) (citation omitted).

The court must review all of the evidence in the record, "drawing all reasonable inferences in the light most favorable to the verdict," *Thomas v. Tex. Dept. of Crim. Just.*, 220 F.3d 389, 392-93 (5th Cir. 2000) (citations omitted), and "in favor of the nonmoving party, but making no credibility determinations or weighing any evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 135 (2000) (citations omitted).

No. 22-10182

## III.

24 Hour Fitness asserts that the hot tub was open and obvious as a matter of law and therefore it owed no duty to warn. Under Texas law,[1] a property owner's duty is to "make safe or warn of unreasonably dangerous conditions that are not open and obvious or otherwise known to the invitee." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

A hazard is considered open and obvious "when the evidence conclusively establishes that an invitee would have 'knowledge and full appreciation of the nature and extent of danger,' such that 'knowledge and appreciation of the danger are considered as proved as a matter of law.'" *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021) (citation omitted). This is an objective inquiry that asks "what a reasonably prudent person would have known under similar circumstances." *Id.* (citation omitted). "To properly apply an objective test, we must consider the 'totality of' the 'particular' circumstances the plaintiff faced." *Id.* at 788-89 (citations omitted).

On appeal, the parties dispute whether 24 Hour Fitness owed Mr. Sauls a duty to warn. 24 Hour Fitness contends that the "evidence conclusively proves that, objectively, the hot tub was open and obvious." Appellants assert that Mr. Sauls did not have knowledge of the nature and extent of the danger and the district court failed to consider the totality of the particular circumstances Mr. Sauls faced when granting judgment as a matter of law.

---

[1] We apply Texas substantive law to this diversity case. *See Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014).

No. 22-10182

Here, Mr. Sauls is a 79-year-old man with a hearing impediment. The totality of the particular circumstances Mr. Sauls faced included no prior knowledge of the facility or the location of the hot tub,[2] no warning as to the fact that the hot tub would be empty and located approximately five feet away from the door,[3] and his attention was simultaneously diverted away from the hot tub by 24 Hour Fitness' tour guide.[4]

---

[2] The plaintiff's knowledge and degree of familiarity are relevant to the open and obvious inquiry and whether a defendant owes a duty to warn. *See e.g., Brookshire Grocery Co. v. Goss*, 262 S.W.3d 793, 795 (Tex. 2008) (holding that there is no duty to warn of hazards already appreciated where plaintiff had previously encountered the hazard and was able to safely navigate around it); *Dunn v. Wal-Mart Stores, Inc.*, No. 3:17-CV-1187-K, 2018 WL 4772408, at *3 (N.D. Tex. Oct. 3, 2018) (holding no duty to warn where plaintiff admitted that she saw the raised floor mat before entering the store and actively tried to avoid it); *Jordan v. Tex. Children's Hosp.*, No. 14-17-00699-CV, 2018 WL 4137209, at *4 (Tex. App. —Houston [14th Dist.] Aug. 30, 2018, no pet.) (mem. op.) (holding no duty to warn where plaintiff "was familiar with the ramp's condition, and he was making his second or third trip up the ramp when he fell."); *Reeves v. Home Depot, U.S.A., Inc.*, No. AU-16-CA-00615-SS, 2018 WL 405120, at *4 (W.D. Tex. Jan. 12, 2018) (holding no duty to warn where plaintiff walked past the hazard at least twice before eventually tripping over it); *Hughes v. Kroger Tex. L.P.*, No. 3:15-CV-0806-M, 2016 WL 3390510, at *2 (N.D. Tex. Mar.4, 2016) (holding no duty to warn of hazard where plaintiff "had shopped at the store several times."). Notably, the district court's consideration of prior cases did not consider Mr. Sauls' lack of knowledge and degree of familiarity – inquiries pertinent to determining whether a hazard is open and obvious.

[3] The jury heard testimony from an expert architect that an empty hot tub only about five feet from the doorway is a very dangerous condition with an extreme degree of risk. An expert forensic engineer specializing in aquatic design and safety also testified that it was inappropriate to leave an empty spa unattended in an open condition and the failure to post warning signs or a physical barrier violated applicable codes.

[4] A property owner "may still owe a duty to an invitee with respect to an open and obvious condition where the landowner 'has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious.'" *Reeves*, 2018 WL 405120, at *3 (citing Restatement (Second) of Torts § 343A(1) cmt. f (1965)); *see also, e.g., Houston Sports Ass'n v. Russell*, 450 S.W.2d 741, 746 (Tex. Civ. App. — Houston [14th Dist.] 1970, writ ref'd n.r.e.) (finding that "[i]t could reasonably have been foreseen that those on the tours would naturally have their interests distracted by the features of the stadium").

No. 22-10182

After reviewing all of the evidence in the record, we cannot say that "the facts and inferences point so strongly and overwhelmingly in [24 Hour Fitness'] favor that reasonable jurors could not reach a contrary conclusion." *Coffel v. Stryker Corp.*, 284 F.3d 625, 630 (5th Cir. 2002) (citations omitted). Regardless of any conflicting evidence in the record, "we are not free to reweigh the evidence or to re-evaluate credibility of witnesses" and cannot "substitute for the jury's reasonable factual inferences other inferences that we may regard as more reasonable." *McBeth v. Carpenter*, 565 F.3d 171, 176 (5th Cir. 2009) (citations omitted). Thus, drawing all reasonable inferences in favor of Appellants and to the jury verdict, which overwhelmingly found 24 Hour Fitness ninety percent at fault for the injuries, we find there is a legally sufficient evidentiary basis for a reasonable jury to find for Appellants. *See* FED. R. CIV. P. 50(a).

Accordingly, we conclude that the district court erred in granting 24 Hour Fitness' motion for judgment as a matter of law under Rule 50(b). For these reasons, we REVERSE and RENDER judgment for Appellants.