**Affirmed and Memorandum Opinion filed January 23, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00767-CV

---

### JOSHUA LEBLANC, Appellant

### V.

### MIKE WALKER, Appellee

---

**On Appeal from the 169th District Court**
**Bell County, Texas**
**Trial Court Cause No. 22DCV332626**

---

# MEMORANDUM OPINION

In this premises-liability case, a worker injured on a landowner's property argues that the trial court erred in granting summary judgment as to the worker's premises-liability theory of recovery based on an allegedly dangerous condition on the landowner's premises. Concluding that the trial court did not err in granting summary judgment on the ground that there is no evidence the landowner owed a duty to the worker because the worker knew about the allegedly dangerous condition before he sustained the injury, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Joshua LeBlanc alleges that he was employed by Brian "Peanut" Campbell as a worker for Campbell's fence installation business.[1] Campbell would periodically borrow equipment and materials belonging to his friend, appellee/defendant Mike Walker, by accessing Walker's workshop on property owned by Walker in Salado, Texas (the "Property"). Walker gave Campbell the code for the gate, so that Campbell could enter the Property on his



own. On July 8, 2020, LeBlanc and another worker named Rob accompanied Campbell to the Property so that Campbell could borrow a "weighted post hole digger" that weighed half-a-ton ("Auger"). When they arrived on the Property, LeBlanc alleges that the Auger was already on a skid steer loader owned by Walker ("Skid Loader"). Walker was in



his house on the Property at the time, but he was not present with Campbell, LeBlanc, and Rob as they tried to retrieve the Auger. LeBlanc contends that Walker had placed the Auger on the Skid Loader

---

[1] Campbell denies that LeBlanc was his employee, but that issue is not material to the disposition of this appeal.

and that the Auger "was not securely locked in place to prevent the [A]uger from falling," which LeBlanc alleges was a dangerous condition ("Dangerous Condition").

Campbell operated the Skid Loader in an attempt to load the Auger onto Campbell's flatbed trailer. At his deposition, LeBlanc testified that he knew the Auger was not locked in place because he saw the Auger fall off the Skid Loader, so that Campbell had to pick it up again. According to LeBlanc, after he pulled a pin out of the Auger at Campbell's request, Campbell accidentally tilted the Skid Loader, causing the Auger to fall off a second time and hit LeBlanc's left foot. LeBlanc alleges catastrophic injuries to his left foot. The big toe on LeBlanc's left foot was amputated.

LeBlanc filed suit against Campbell and Walker, seeking to recover damages against Walker based on three negligence theories: (1) premises liability, (2) negligent activity, and (3) negligent entrustment. Walker filed a combination traditional and no-evidence motion for summary judgment as to all of LeBlanc's claims against Walker, asserting the following grounds:

(1) there is no evidence that Walker owed a duty to LeBlanc;

(2) there is no evidence that Walker breached a duty owed to LeBlanc;

(3) there is no evidence that a breach of duty by Walker was the proximate cause of injury to LeBlanc;

(4) the summary-judgment evidence establishes as a matter of law that Walker owed no duty to LeBlanc;

(5) the summary-judgment evidence establishes as a matter of law that Walker breached no duty allegedly owed to LeBlanc; and

(6) the summary-judgment evidence establishes as a matter of law that there was no causal connection between the accident in question and certain actions of Walker that LeBlanc alleges were negligent.

3

Walker attached to his summary-judgment motion (1) a photograph of the Auger,[2] (2) a photograph of the Skid Loader,[3] and (3) excerpts from the depositions of LeBlanc, Campbell, and Walker. LeBlanc filed a response and attached the following evidence: a photograph of the Auger and excerpts from the depositions of LeBlanc, Campbell, and Walker. Walker filed a motion to sever LeBlanc's claims against him in the event the trial court granted Walker's summary-judgment motion to make the trial court's summary judgment final and appealable.

The trial court granted Walker's summary-judgment motion without specifying a ground and severed all of LeBlanc's claims against Walker into a separate lawsuit, thus making the judgment final and appealable. LeBlanc timely appealed. The Supreme Court of Texas ordered this case transferred from the Third Court of Appeals to this court.[4]

## II. ISSUES AND ANALYSIS

### A. Did the trial court apply an incorrect legal standard?

In his sole issue on appeal, LeBlanc asserts that the trial court reversibly erred in granting Walker's summary-judgment motion by disregarding evidence favorable to LeBlanc and ignoring reasonable inferences in favor of LeBlanc that are present in the summary-judgment record. Under this issue, LeBlanc argues that instead of applying the summary-judgment legal standard, the trial court erred by (1) requiring that LeBlanc satisfy the preponderance of the evidence burden of

---

[2] This photograph is the first embedded photograph on page 2 of this opinion.

[3] This photograph is the second embedded photograph on page 2 of this opinion.

[4] In transfer cases, the transferee court must decide the appeal in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court. *See* Tex. R. App. P. 41.3.

proof to avoid summary judgment in Walker's favor, or (2) requiring that LeBlanc "prove his case as a matter of law" to avoid summary judgment in Walker's favor. LeBlanc provides no record citations in support of this argument, and we conclude that this argument lacks merit because nothing in the record shows that the trial court (1) applied an incorrect legal standard, (2) required that LeBlanc satisfy the preponderance of the evidence burden of proof to avoid summary judgment in Walker's favor, or (3) required that LeBlanc "prove his case as a matter of law" to avoid summary judgment in Walker's favor. *See Nash v. Blood & Tissue Center of Cent. Tex.*, No. 03-03-00763-CV, 2004 WL 2900483, at *4 (Tex. App.—Austin Dec. 16, 2004, no pet.) (mem. op.).

### B. Did the trial court err in granting summary judgment as to the premises-liability theory on the ground that there is no evidence that Walker owed a duty to LeBlanc?

Liberally construing LeBlanc's brief, LeBlanc also asserts that the trial court erred in granting Walker's summary-judgment motion because the summary-judgment evidence raised genuine issues of material fact precluding summary judgment as to LeBlanc's premises-liability theory. In reviewing a no-evidence summary judgment, we ascertain whether the nonmovant pointed out summary-judgment evidence raising a genuine issue of fact as to the essential elements attacked in the no-evidence motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206–08 (Tex. 2002). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire &*

*Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

In his live pleading, LeBlanc alleged that he was an invitee on the Property and asserted a premises-liability theory of recovery. Liberally construing LeBlanc's brief, LeBlanc has argued that the summary-judgment evidence raises a fact issue as to whether (1) Walker was the person who placed the Auger on the Skid Loader without securely locking it in place, thus creating the Dangerous Condition;[5] (2) Walker was aware he had created the Dangerous Condition; (3) Walker regularly moved the Auger without locking it in to the Skid Loader; (4) Walker was aware that Campbell and others in his employ would be retrieving the Auger, but failed to warn them of the Dangerous Condition; and (5) it is foreseeable that the Auger could cause an injury if it falls from the Skid Loader during transport. We presume, without deciding, that each of the foregoing five statements is correct and that LeBlanc was an invitee on the Property.

In Walker's summary-judgment motion, he asserted that there is no evidence that Walker owed a duty to LeBlanc. The summary-judgment evidence includes deposition testimony in which LeBlanc testifies as follows:

- When Campbell, LeBlanc, and Rob arrived on the Property, the Auger was already on the Skid Loader.
- Campbell stated that the Auger was already on the Skid Loader.

---

[5] The summary-judgment evidence contains: (1) deposition testimony by Walker that Walker did not put the Auger on the Skid Loader and that he did not know who did; and (2) deposition testimony by Campbell that when he arrived on the Property on the day of the accident, the Auger was locked into place on the Skid Loader.

- Campbell used the Skid Loader to pick up the Auger, and the Auger fell off.

- If the Auger had been locked in place, it would not have fallen off.

- When LeBlanc saw the Auger fall off the Skid Loader, he knew that it was not locked and that they needed to be careful with what they were about to do.

- Campbell used the Skid Loader to pick up the Auger again and maneuvered the Auger so that it stayed on the Skid Loader.

- LeBlanc asked Campbell if he wanted LeBlanc to pull out a pin on the Auger, and Campbell answered in the affirmative.

- LeBlanc reached over and pulled the pin out of the Auger.

- The next thing LeBlanc heard was Campbell making an exclamation. LeBlanc claims that he saw Campbell's hand coming off of a lever on the Skid Loader. LeBlanc testified that Campbell accidentally tilted the Skid Loader, causing the Auger to fall off and hit LeBlanc's foot.

Thus, the summary-judgment evidence contained uncontroverted testimony by LeBlanc that before the Auger fell off the Skid Loader and injured his foot, he saw the Auger fall off the Skid Loader and thus knew that the Auger was not securely locked in place to prevent the Auger from falling off the Skid Loader.

In *Austin v. Kroger Texas, L.P.* the Supreme Court of Texas clarified several issues regarding a landowner's negligence duty to an invitee under a premises-liability theory of negligence. *See Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 201–08 (Tex. 2015). In the premises-liability context, a landowner owes an invitee a negligence duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not. *See id.* at 203. Ordinarily, the landowner need not do both; the landowner can satisfy its duty by providing an adequate warning even if the unreasonably dangerous condition remains. *Id.* This general rule comports with the

7

rationale for imposing a duty on landowners in the first place. *Id.* The landowner typically is in a better position than the invitee to know of hidden hazards on the premises, so the law mandates that the landowner take precautions to protect invitees against the hazards, to the extent the landowner knows or should know of them. *Id.*

When the condition is open and obvious or known to the invitee, however, the landowner is in no better position to discover it. *Id.* When an invitee is aware of an unreasonably dangerous condition on the premises, the condition, in most cases, no longer will pose an unreasonable risk because the law presumes that the invitee will take reasonable measures to protect against known risks, which may include a decision not to accept the invitation to enter onto the landowner's premises. *See id.* This rationale explains why the Supreme Court of Texas typically has characterized the landowner's negligence duty to an invitee as a duty to make safe or warn of unreasonably dangerous conditions that are not open and obvious or otherwise known to the invitee. *See id.*

This general rule aligns with the Supreme Court of Texas's recognition that a landowner's duty to invitees is not absolute. *Id.* A landowner "is not an insurer of [a] visitor's safety." *Id.* (internal quotations and citations omitted). Instead, a landowner owes a duty to exercise ordinary, reasonable care. *See id.* Thus, a defendant has "no duty" to take safety measures beyond those that an ordinary, reasonable landowner would take. *Id.* at 204. What a reasonable landowner would do is often a jury question, but sometimes it is not. *Id.* The Supreme Court of Texas has recognized that, in most circumstances, a landowner who provides an adequate warning acts reasonably as a matter of law, and because there is no need to warn against obvious or known dangers, a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee. *Id.*

Under the applicable standard of review, we conclude that the summary-judgment evidence does not raise a genuine issue of fact as to whether the alleged unreasonably dangerous condition on the premises—the Dangerous Condition—was known to LeBlanc before the Auger fell off the Skid Loader and injured LeBlanc's left foot. *See Brookshire Grocery Co. v. Ross*, 262 S.W.3d 793, 795 (Tex. 2008); *Phillips v. Abraham*, 517 S.W.3d 355, 360–61 (Tex. App.—Houston [14th Dist.] 2017, no pet.). LeBlanc's uncontroverted testimony on this point shows that before the Auger fell off the Skid Loader a second time and injured his foot, the Dangerous Condition was known to LeBlanc.

The Supreme Court of Texas recognizes two exceptions to the general rule under which an invitee's awareness of the risk does not relieve the landowner of its negligence duty to make the premises reasonably safe. *See Austin*, 465 S.W.3d at 204, 208. The first exception may arise when a dangerous condition results from the foreseeable criminal activity of third parties. *Id.* at 204. The second exception applies when (1) it was necessary for the invitee to use the portion of the premises containing the allegedly unreasonably dangerous condition and (2) the landowner should have anticipated that the invitee was unable to avoid the unreasonable risks despite the invitee's awareness of them. *See id.* at 207; *Phillips*, 517 S.W.3d at 361. We may not apply either exception because LeBlanc did not raise either exception in his summary-judgment response or on appeal. *See Lopez v. Ensign U.S. Southern Drilling, LLC*, 524 S.W.3d 836, 847 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

LeBlanc's uncontroverted testimony on this point establishes that LeBlanc knew of the alleged unreasonably dangerous condition on the Property before the Auger fell off the Skid Loader and injured LeBlanc's left foot, and LeBlanc has not raised either exception. *See Austin*, 465 S.W.3d at 203–12; *Brookshire Grocery*

9

*Co.*, 262 S.W.3d at 795; *Phillips*, 517 S.W.3d at 359–62; *Lopez*, 524 S.W.3d at 847. Therefore, the trial court did not err in granting summary judgment as to the premises-liability theory on the ground that there is no evidence that Walker owed a duty to LeBlanc. *See Austin*, 465 S.W.3d at 203–12; *Brookshire Grocery Co.*, 262 S.W.3d at 795; *Phillips*, 517 S.W.3d at 359–62; *Lopez*, 524 S.W.3d at 847; *Chrismon v. Brown*, 246 S.W.3d 102, 114–15 & n.12 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

**C.      Has LeBlanc briefed an argument that the trial court erred in granting summary judgment as to his negligent activity theory or negligent entrustment theory?**

In addition to asserting a premises liability theory of recovery, LeBlanc also asserts in his live pleading a negligent activity theory and a negligent entrustment theory. In his appellate brief, LeBlanc does not mention his negligent entrustment theory. LeBlanc does state in one part of his brief that he produced competent summary judgment evidence in support of "his claims for both Premises Liability and Negligence." LeBlanc provides no citation for this proposition. In his appellate brief LeBlanc does not provide any argument, analysis, or citations to legal authority in support of the proposition that the trial court erred in granting summary judgment as to either his negligent activity theory or his negligent entrustment theory. Even construing LeBlanc's brief liberally, we cannot conclude that he adequately briefed either point, and so we find briefing waiver. *See* Tex. R. App. P. 38.1(i); *Marathon Petroleum Co. v. Cherry Moving Co.*, 550 S.W.3d 791, 798 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

### III. CONCLUSION

The trial court did not apply an incorrect legal standard in considering and ruling on Walker's summary-judgment motion. The trial court did not err in granting summary judgment as to LeBlanc's premises liability theory on the

ground that there is no evidence that Walker owed a duty to LeBlanc. We find briefing waiver as to any challenge to the trial court's granting of summary judgment on the negligent activity theory or the negligent entrustment theory. We overrule LeBlanc's sole issue and affirm the trial court's judgment.

/s/     Randy Wilson
        Justice

Panel consists of Justices Jewell, Hassan, and Wilson.