**ADVANCE TIRE AND WHEELS, LLC, Appellant**

v.

**Abrhim ENSHIKAR, Appellee**

**NO. 01-16-00020-CV**

Court of Appeals of Texas, Houston (1st Dist.).

Opinion issued June 13, 2017

Hiren P. Patel, PATEL ERVIN PLLC, 1113 Vine Street, Suite 230, Houston, TX 77002, for Appellant.

Christopher D. Wilsher, 2617C West Holcombe Blvd, #482, Houston, TX 77025, for Appellee.

Panel consists of Justices Massengale, Brown, and Huddle.

## OPINION

Michael Massengale, Justice

Abrhim Enshikar sued his employer, Advance Tire and Wheels, LLC, for negligence arising out of injuries he suffered due to the explosion of an over-sized tire that he inflated without the benefit of any safety equipment. After a bench trial, the court entered judgment in Enshikar's favor. Advance Tire appeals, challenging the legal and factual sufficiency of the evidence to support the judgment. We affirm.

### Background

Abrhim Enshikar was a tire repairman. He learned and worked at his trade for a few years in his native Morocco. After moving to Texas, he worked at a tire-repair shop for approximately 18 months. Then he took a new job at Advance Tire and Wheels, LLC, where he was employed for about eight months prior to the accident that gave rise to this litigation.

Enshikar was inflating a tire for use on a pickup truck with a lifted suspension. The tire was larger than those used on ordinary passenger vehicles, but it was not a "heavy-duty" tire like those used on commercial vehicles, such as semi-trailer trucks. As compared to a heavy-duty commercial tire, this tire was taller, but it required less air pressure and weighed much less.

Enshikar struggled to inflate the tire alone, so his supervisor, Jawad Abualhalaweh, and a coworker came to his aid. Two held the tire upright while the third put air in it. Enshikar said that he and Abualhalaweh held the tire while his coworker put air in it. Abualhalaweh said that he started

to put air in the tire. While they were inflating the tire, Abualhalaweh left to answer his mobile telephone. Enshikar and his coworker continued inflating the tire. Then it exploded.

The tire explosion injured Enshikar's right hand, exposing the bone in his thumb. Both employees were hospitalized, and Enshikar spent three weeks in the hospital, during which time he had multiple surgeries on his right hand to save the thumb.

Advance Tire was a nonsubscriber to the Texas Workers Compensation Act at the time of the accident. Enshikar filed this suit, alleging that Advance Tire negligently caused his injuries. Advance Tire denied liability. In a bench trial, the trial court heard conflicting testimony about whether:

- the tire was in poor condition when the customer brought it in for service;
- Enshikar and Abualhalaweh discussed the condition of the tire before inflating it;
- Advance Tire had a practice of trying to service tires regardless of their condition; and
- Advance Tire should have had a cage for securing tires so that its employees would not have to hold them during inflation.

However, it was undisputed that that the sole safety precautions that Advance Tire used when inflating tires were to ensure that employees locked the tire into the inflator and that they kept their distance. It likewise was undisputed that the tire that exploded was too large to fit the inflator, and therefore it was inflated while in a freestanding position on the floor.

The trial court entered a judgment in Enshikar's favor, and it issued findings of fact and conclusions of law. Among other things, it found that Advance Tire's negligence included "negligent supervision, negligently leaving the repair project before it was completed, negligent inspection of the tire and a failure to provide a safe workplace." Enshikar was awarded $441,496.90 for past pain and suffering, medical expenses, and physical impairment and disfigurement, plus pre- and post-judgment interest. Advance Tire appealed.

## Analysis

Advance Tire challenges the legal and factual sufficiency of the evidence supporting Enshikar's negligence claim. A negligence cause of action has three elements: a legal duty, a breach of that duty, and damages proximately caused by the breach. *See, e.g., W. Invs., Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex. 2005). Advance Tire contends that under the circumstances of this case it owed Enshikar no duty, given his own expertise with repairing tires, and that the proof also is insufficient to show that it breached its duty to provide a safe workplace or that such a breach caused his injuries.

In a legal-sufficiency review, the court determines whether reasonable and fair-minded people could arrive at the factfinder's conclusion, after considering all evidence that supports the verdict, and disregarding contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 827–28 (Tex. 2005). Evidence is legally insufficient if the record shows a complete absence of proof of a vital fact, the lone proof supporting the judgment is incompetent and cannot be considered, the proof is no more than a scintilla of evidence and jurors would have to guess whether a vital fact exists, or the proof conclusively shows the opposite of a vital fact. *Id.* at 811–14. We review the evidence in the light most favorable to the judgment. *Id.* at 822.

In a factual-sufficiency review, we examine all of the evidence and set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam). Unlike a legal-sufficiency review, a factual-sufficiency review requires us to review the evidence in a neutral light. *See id.*

■ In a bench trial, the trial court acts as factfinder, and we accord its findings of fact the same weight as a jury's verdict. *Thompson v. Smith*, 483 S.W.3d 87, 93 (Tex. App.—Houston [1st Dist.] 2015, no pet.). When, as in this case, there is a complete reporter's record, challenged fact findings are not conclusive; they are binding only if legally and factually sufficient proof supports them. *Id.* However, unchallenged findings of fact bind an appellate court unless the contrary is proved as a matter of law or there is no evidence to support the finding. *McAleer v. McAleer*, 394 S.W.3d 613, 620 (Tex. App.—Houston [1st Dist.] 2012, no pet.). The trial court evaluates and resolves any inconsistencies in the testimony. *Mohammed v. D. 1050 W. Rankin, Inc.*, 464 S.W.3d 737, 744 (Tex. App.—Houston [1st Dist.] 2014, no pet.). It is the sole judge of witness credibility. *McDonald v. S. Cty. Mut. Ins. Co.*, 176 S.W.3d 464, 469 (Tex. App.—Houston [1st Dist.] 2004, no pet.). It may accept or reject all or any part of the testimony, based on the record before it. *Lee v. Lee*, 981 S.W.2d 903, 906 (Tex. App.—Houston [1st Dist.] 1998, no pet.). If the evidence is subject to reasonable disagreement, this court will not reverse the trial court. *Mohammed*, 464 S.W.3d at 744–45.

## I. Duty

Advance Tire concedes that employers generally owe their employees a duty to provide a safe workplace. However, it argues that this general duty is insufficient to support Enshikar's claim, and that he must show that a more specific duty was owed to warn, train, supervise, or further equip him under the circumstances of this particular case. Advance Tire contends that it owed no such duty because of Enshikar's own expertise concerning tires and his appreciation of the risks entailed in his employment.

■ Whether a duty exists in a negligence case is a question of law for the court to decide from the facts surrounding the occurrence in question. *Military Highway Water Supply Corp. v. Morin*, 156 S.W.3d 569, 572 (Tex. 2005). We review questions of law de novo. *In re Humphreys*, 880 S.W.2d 402, 404 (Tex. 1994).

■ Just as landowners owe a premises-liability duty to invitees on their premises, employers have a duty to provide their employees with a reasonably safe workplace. *E.g., Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 201–02 (Tex. 2015). But employers' duties to their employees in this regard are broader than their premises-liability duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the employer is, or reasonably should be, aware but the employee is not. *See id.* at 203. The additional responsibilities of an employer to its employees include "a duty to provide necessary equipment, training, or supervision." *Id.* at 215; *see also Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 215 (Tex. 2008).

■ Advance Tire argues that Enshikar's expertise or knowledge about repairing tires negated its premises-liability duty to warn him about a danger of which he already was aware, but that argument does not foreclose an employer's duty to provide necessary instrumentalities to safely perform the work. To address that duty, Advance Tire relies on *Kroger Co. v.*

*Elwood,* 197 S.W.3d 793 (Tex. 2006) (per curiam), to argue that "[w]hen an employer has no specific duty to warn an employee of a danger due to the employee's own knowledge, then the employer likewise has no specific duty to provide additional training or equipment." This is a misreading of *Elwood,* which stated in this context only that an employer "has no duty to provide equipment or assistance that is *unnecessary* to the job's safe performance." *Elwood,* 197 S.W.3d at 795 (emphasis supplied) (citing *Allsup's Convenience Stores, Inc. v. Warren,* 934 S.W.2d 433, 438 (Tex. App.—Amarillo 1996, writ denied)). Contrary to Advance Tire's assertion, an employer does have an affirmative "duty to furnish reasonably safe equipment necessary for performance of the job." *Austin,* 465 S.W.3d at 215; *Katy Springs & Mfg., Inc. v. Favalora,* 476 S.W.3d 579, 589 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

Ultimately, Advance Tire's argument about Enshikar's expertise may be reduced to the contention it owed him no duty because he recognized the risk posed by the task and he could have refused to perform had he felt it was too dangerous. *See Austin,* 465 S.W.3d at 214 ("an employee always has the option to decline to perform an assigned task and incur the consequences of that decision"). But the Supreme Court's reference to this reasoning in *Austin* was made in the context of explaining why it would not recognize a new exception to the rule that employers have no premises-liability duty "to protect or warn an employee or invitee against unreasonably dangerous premises conditions that are open and obvious or otherwise known to the employee or invitee." *Id.* The Court distinguished premises-liability claims from other types of workplace negligence claims, and it declined to decide which, if any, of the limitations on an employer's premises-liability duty applied to other workplace negligence claims. *See id.* at 214–16, 216 n.23. Advance Tire provides no other argument or authorities to explain why the premises-liability defense that a premises owner owes no premises-liability duty with respect to open and obvious conditions (even when encountered by an employee performing a task assigned by his employer) should operate to bar a necessary-instrumentalities claim when the employee has actual knowledge of the danger.

A premises owner generally is held responsible for making property safe for invitees or warning them about concealed, unreasonably dangerous conditions of which the premises owner is, or reasonably should be, aware but the invitee is not. *See, e.g., Austin,* 465 S.W.3d at 203. The reason is that "[t]he landowner is typically in a better position than the invitee to be aware of hidden hazards on the premises, so the law mandates that the landowner take precautions to protect invitees against such hazards, to the extent the landowner is or should be aware of them," but that rationale does not apply when the condition is open and obvious. *Id.* In that situation the risk to the invitee is no longer considered to be unreasonable "because the law presumes that invitees will take reasonable measures to protect themselves against known risks, which may include a decision not to accept the invitation to enter onto the landowner's premises." *Id.* The premises-liability exclusion of open and obvious risks is also consistent with the recognition that a landowner's "duty to invitees is not absolute," and it is not an insurer of a visitor's safety. *Id.*

In contrast, the employer's duty to provide necessary instrumentalities is based on a different set of assumptions. "[W]hen the servant enters the employ-

ment of the master, he has the right to rely upon the assumption that the machinery, tools, and appliances with which he is called upon to work are reasonably safe, and that the business is conducted in a reasonably safe manner." *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263, 265 (Tex. 1974) (quoting *Mo., Kan. & Tex. Ry. Co. of Tex. v. Hannig*, 91 Tex. 347, 43 S.W. 508, 510 (1897)); *see also Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex. 1996) (employer has "nondelegable duty to use ordinary care in providing ... a safe workplace" to employees); *Werner v. Colwell*, 909 S.W.2d 866, 869 (Tex. 1995) (employer's "duty to use ordinary care in providing a safe work place ... includes an obligation to provide adequate help under the circumstances for the performance of required work"). The employer's duty to furnish "reasonably safe instrumentalities with which employees are to work" repeatedly has been characterized as "nondelegable" and "continuous." *E.g.*, *Moritz*, 257 S.W.3d at 215; *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651–52, 652 n.10 (Tex. 2007); *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 923–24 (Tex. 1981); *Farley v. M M Cattle Co.*, 529 S.W.2d 751, 754 (Tex. 1975).

When deciding if "there is a basis for imposing a duty, we consider various factors, 'including the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant.'" *Mission Petrol. Carriers, Inc. v. Solomon*, 106 S.W.3d 705, 710 (Tex. 2003) (quoting *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)). As previously noted, the great weight of authority acknowledges an employer's nondelegable duty to provide the equipment necessary for an employee to safely perform his work. An exception for an employee's "ac-

tual knowledge of the danger" would be inconsistent with the law's characterization of the employer's duty as "nondelegable."

Moreover, shifting to employees the burden of guarding against such injuries would be inconstant with workers' compensation policies as established by the Labor Code. Texas allows employers to opt out of the statutory workers' compensation program, but the consequence of that choice is the authorization of negligence suits by employees against their nonsubscribing employers. TEX. LABOR CODE § 406.033(a), (d). A nonsubscribing employer is expressly stripped of defenses that an employee "was guilty of contributory negligence" or that he "assumed the risk of injury." *Id.* § 406.033(a)(1), (2). Imposing on the employee the responsibility to protect himself against an employer's failure to provide a reasonably safe workplace with equipment necessary to safely perform job duties would be inconsistent with the "penalty" the Legislature saw fit to impose on employers for opting out of the workers' compensation scheme. *Cf. Kroger Co. v. Keng*, 23 S.W.3d 347, 350–52 (Tex. 2000) (nonsubscribing employers may not invoke statutory comparative responsibility defense, which implies contributory negligence and the injured person's "failure to use ordinary care in regard to his or her own safety"). To recognize an exception to the employer's duty to provide a safe workplace with necessary equipment to perform job duties safely would rebalance the allocation of risks imposed by the Labor Code in the form of disallowing nonsubscribers a defense that an employee assumed a risk of his own injury.

Enshikar alleged that Advance Tire negligently required him to engage in a dangerous activity by directing him to service a tire that could not be inflated safely due to the absence of appropriate safety equipment. We conclude that this allegation

properly invoked Advance Tire's nondelegable legal duty as an employer to provide a safe workplace, particularly by providing reasonably safe equipment necessary for the performance of the job.

## II. Breach and causation

Advance Tire contends that the proof introduced at trial was legally and factually insufficient to show that it breached its duty to provide a safe workplace or that any breach proximately caused Enshikar's injuries. We disagree.

■ There was legally sufficient proof that Advance Tire breached its duty to provide a safe workplace. Enshikar testified that as an employee, his supervisor determined his assignments. Advance Tire protests that there was no evidence that similarly situated tire repair shops used tire cages, and that its supervisor testified they only would be necessary for commercial-grade tires. But the supervisor also agreed that that safety mechanisms were in place to prevent workplace injuries at Advance Tire: keeping hands away from tires, maintaining a safe distance, and using a locking mechanism on the machine. Yet none of those preventative measures were possible for the job assigned to Enshikar, in which he had to keep his hand on the tire, he could not maintain a safe distance, and the tire was too large to be locked into the machine. On this record, a reasonable factfinder therefore could conclude that Advance Tire directed Enshikar to inflate a tire without providing reasonably safe equipment necessary for the performance of the job. Thus, there was some admissible evidence, and hence legally sufficient proof, that Advance Tire breached its duty to provide Enshikar with a safe workplace. *See City of Keller*, 168 S.W.3d at 827–28; *see also Austin v. Kroger Tex., L.P.*, No. 16-10502, 864 F.3d 326, 332, 2017 WL 1379453, at *5 (5th Cir. Apr. 14, 2017) (per curiam) ("because the employer has a duty to provide necessary instrumentalities but not unnecessary instrumentalities, the employee must show that the employer failed to provide instrumentalities to the employee that were necessary for the safe performance of the employee's customary work" (citing *Elwood*, 197 S.W.3d at 794–95)).

There was contrary evidence. Abualhalaweh said that he told Enshikar not to work on the tire. But Enshikar contradicted Abualhalaweh, and it was for the trial court to resolve this conflict in the testimony. *See Mohammed*, 464 S.W.3d at 744–45; *Lee*, 981 S.W.2d at 906. Moreover, Abualhalaweh did not contradict Enshikar entirely. He agreed that he did not tell Enshikar to stop working on the tire once he had begun and that he assisted in inflating the tire when he saw that Enshikar was struggling with it. On this record, the trial court's finding of breach was not contrary to the overwhelming weight of the evidence. Thus, there was factually sufficient proof that Advance Tire breached its duty to provide Enshikar with a safe workplace. *See Cain*, 709 S.W.2d at 176.

■ There likewise was legally and factually sufficient proof that Advance Tire's breach of this duty proximately caused Enshikar's injuries. An act or omission is a proximate cause if it is a cause in fact of the harm and the injury was foreseeable. *Stanfield v. Neubaum*, 494 S.W.3d 90, 97 (Tex. 2016). Cause in fact requires proof that the act or omission was a substantial factor in bringing about the harm without which the harm would not have occurred. *Id.* If a person of ordinary intelligence should have anticipated the danger posed by an act or omission, it is foreseeable. *Id.* Accepting Enshikar's version of events, as the trial court reasonably could have, his supervisor had him inflate a tire without reasonably safe equipment neces-

sary for the performance of the job. It was undisputed that no safeguards were in place to protect Enshikar from the possibility of a tire explosion. Accordingly, there was legally and factually sufficient proof that requiring Enshikar to inflate a tire without providing reasonably safe equipment necessary for the performance of the job was a substantial factor in causing Enshikar's injuries, that but for this omission by Advance Tire, Enshikar would not have been exposed to the tire's explosion and his resulting injuries would not have occurred, and that a person of ordinary intelligence should have appreciated that inflating a tire too large to secure in the inflator posed the very hazard that injured Enshikar. On this record, the trial court sitting as factfinder reasonably could have concluded that there was sufficient proof that Advance Tire's breach of its duty to provide Enshikar with a safe workplace proximately caused the injuries he suffered when the tire exploded, and that conclusion was not contrary to the overwhelming weight of the evidence.

## Conclusion

We hold that Advance Tire owed Enshikar a duty to provide a safe workplace—including a duty to provide reasonably safe equipment necessary for the performance of the job—and that the proof at trial was legally and factually sufficient to support the trial court's judgment that Advance Tire breached this duty and that this breach proximately caused Enshikar's injuries. We therefore affirm the judgment.