**Opinion issued June 25, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00267-CV

———————————

### RICHARD CULOTTA, Appellant

### V.

### DOUBLETREE HOTELS LLC, DOUBLETREE MANAGEMENT LLC, HILTON INNS LLC, HILTON RESORTS CORPORATION, HILTON PROPERTIES, LTD., AND GAL-TEX HOTEL CORPORATION, Appellees

On Appeal from the 295th District Court
Harris County, Texas
Trial Court Case No. 2015-73364

## MEMORANDUM OPINION

Richard Culotta sued seven entities for damages after he tripped and fell in a DoubleTree hotel restaurant. The defendants successfully moved for summary judgment, which later became final, and Culotta appealed.

Culotta raises twelve issues in his appeal. Because we conclude that Culotta's premises-liability claim fails as a matter of law, we resolve this appeal against Culotta on that determinative issue and do not reach his other issues.

## Background

Richard Culotta and a co-worker took a business trip to Houston and stayed at a DoubleTree hotel near the airport. They decided to eat dinner at the hotel restaurant. While the two were being led to their table, Culotta tripped on the edge of a double-fountain water feature in the restaurant, fell into one of the fountains, and was injured. Culotta brought a premises-liability claim against seven entities, all of which were believed to be related to the hotel or to each other. Culotta's wife asserted derivative claims as well.

Culotta argued that the fountain feature was unreasonably dangerous in two regards: first, the edging had a low profile, and, second, there were no barriers to prevent a person who had tripped from falling into the fountains.

All seven entities, collectively referred to as DoubleTree, filed a dual-purpose motion for summary judgment. They moved for traditional summary judgment, arguing, among other things, that they had no duty to Culotta. And they moved for no-evidence summary judgment, arguing that, after adequate time for discovery, Culotta had no evidence in support of several, specified elements of his premises-liability claim.

Culotta responded by arguing that DoubleTree was not entitled to judgment as a matter of law and by attaching evidence in support of his premises-liability claim, including his deposition, a photograph of the fountain feature,[1] and an affidavit and statement from Culotta's co-worker recounting what had happened and what various hotel employees said to her after Culotta fell.

Culotta stated in his deposition that he and his co-worker were being led to a back dining area. Their path went from the front of the restaurant, directly toward the double-fountain water feature, across a walkway between the two fountains, and to the back of the restaurant where additional dining tables were placed. Culotta walked past the front of the fountains and was on the short walkway between the fountains when the restaurant employee realized he forgot a menu and turned to go back for it. Culotta shuffled over to let the worker past him. His co-worker also moved past him. Then, all agreed the extra menu was not needed. The restaurant worker and Culotta's co-worker both walked past him again, and Culotta shuffled backward to let them pass. Culotta turned to his left to follow the other two. When he did, he "clipped the ledge of the fountain" on his left with his left ankle and fell into the fountain.

Culotta testified there was nothing obstructing his view of the fountains as he walked toward them. He could not say with certainty whether, at the point he

---

[1]    A copy of the photograph is attached below as an addendum.

3

turned to his left to resume walking to his table, he was still on the walkway between the fountains or if he had shuffled back enough to have been outside the fountain feature. But he knew his back was turned to the fountain when he turned left to resume walking to the table.

The photograph in the summary-judgment record shows a double-fountain water feature rising a few feet higher than the backs of the chairs at the nearby dining tables.[2] Between the fountains is a walkway that leads to a back dining area. Culotta marked an "X" where a chair was placed near the right fountain, a circled "Y" where Culotta says he tripped on the left fountain, and a "Z" where his hands prevented him from hitting his head on the fountain as he fell in.

The co-worker's affidavit and statement recounted what various hotel employees said to her after Culotta's fall, including that other guests had tripped on the lip of the fountain and that the restaurant usually blocked the fountain with tables.

DoubleTree objected to the employee statements, arguing that Culotta failed to establish an agency relationship between those who made the statements to Culotta's co-worker and the named defendants. The trial court granted DoubleTree's objections.

---

[2] *See addendum.*

4

The trial court also granted DoubleTree's summary-judgment motion without specifying the grounds for doing so. The summary-judgment order became appealable after Culotta's wife's claims were dismissed without prejudice. Culotta appeals.

## Premises Liability

Culotta contends the trial court erred in granting summary judgment on his premises-liability claim.

### A. Standard of review

A defendant that files a traditional motion for summary judgment has the burden to show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). For a defendant to prevail on a no-evidence motion for summary judgment, the defendant must establish that there is no evidence to support an essential element of the plaintiff's claim on which the plaintiff would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet.

denied). The burden then shifts to the plaintiff to present evidence raising a genuine issue of material fact as to each of the elements specified in the defendant's motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Hahn*, 321 S.W.3d at 524.

We review a trial court's grant of summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When reviewing a summary judgment, we must (1) take as true all evidence favorable to the nonmovant, and (2) indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life Accid. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

Generally, when a party moves for summary judgment on no-evidence and traditional bases, we analyze the no-evidence motion first. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). But here, because we "must affirm summary judgment if any of the summary judgment grounds are meritorious," *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000), and one of the grounds in DoubleTree's summary-judgment motion is dispositive, we will address the traditional summary-judgment grounds only. *See Wallace v. ArcelorMittal Vinton, Inc.*, 536 S.W.3d 19, 26 (Tex. App.—El Paso 2016, pet. denied).

**B.      Applicable law**

Premises liability is not strict liability. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002). And a landowner "is not an insurer of [a] visitor's safety." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 769 (Tex. 2010); *see Kroger Co. v. Elwood*, 197 S.W.3d 793, 795 (Tex. 2006). Instead, a landowner's duty to an invitee is to exercise reasonable care to make the premises safe. *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 202 (Tex. 2015). A landowner can satisfy this duty by eliminating an unreasonably dangerous condition or mitigating the condition so that it is no longer unreasonably dangerous. *Id.* A landowner can also satisfy the duty, in most cases, by providing an adequate warning of the danger. *Id.*

When an invitee is aware of a dangerous premises condition—whether because the danger is obvious or because the landowner provided an adequate warning—the condition will, in most cases, no longer pose an *unreasonable* risk in that the law presumes an invitee will take reasonable measures to protect against known risks. *Id.*; *Advance Tire and Wheels, LLC v. Enshikar*, 527 S.W.3d 476, 481 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

Combined, these concepts present the general rule regarding a landowner's duty to an invitee, which is "to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Austin*, 465 S.W.3d at 203.

A dangerous condition that an invitee reasonably should be aware of is one that is open and obvious. *See Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 412 (Tex. 2009). Defects that are open and obvious or otherwise known to an invitee are outside the landowner's general duty to warn. *Austin*, 465 S.W.3d at 203; *4Front Engineered Solutions, Inc. v. Rosales*, 505 S.W.3d 905, 912 (Tex. 2016) (no duty when premises condition is open and obvious); *Brookshire Grocery Co. v. Goss*, 262 S.W.3d 793, 795 (Tex. 2008) (no duty when invitee is aware of hazard).

Duty is a question of law. *Allen Keller Co. v. Foreman*, 343 S.W.3d 420, 425 (Tex. 2011); *McCall v. Hillis*, 562 S.W.3d 98, 101 (Tex. App.—San Antonio 2018, pet. filed) ("Whether a duty exists in a premises-liability case is a question of law for the court to decide from the facts surrounding the occurrence in question."); *Austin*, 465 S.W.3d at 204 (no duty as matter of law in certain circumstances); *Enshikar*, 527 S.W.3d at 480 (duty is question of law). Relatedly, whether a defect qualifies as "open and obvious," such that there is no duty to warn, presents a question of law for the court. *Coffee v. F. W. Woolworth Co.*, 536 S.W.2d 539, 541 (Tex. 1976) (stating that "question of whether or not a premises defect is open and obvious is for the court to decide as a matter of law"); *Tex. Dep't of Transp. v. Ramirez*, 566 S.W.3d 18, 25 (Tex. App.—San Antonio 2018,

pet. filed); *Stirrup v. Anschutz Tex., LP*, No. 05-17-00613-CV, 2018 WL 3616880, at *5 (Tex. App.—Dallas July 3, 2018, no pet.) (mem. op.).

These two no-duty circumstances—when a hazard is known to the invitee and when a hazard is open and obvious—are two sides of the same coin: one focused on the subjective knowledge of the invitee and the other on what would be reasonably observable to a person exercising ordinary care under an objective standard. *See Jordan v. Tex. Children's Hosp.*, No. 14-17-00699-CV, 2018 WL 4137209, at *5 (Tex. App.—Houston [14th Dist.] Aug. 30, 2018, no pet.) (mem. op.); *see also Nethery v. Turco*, No. 05-16-00680-CV, 2017 WL 2774448, at *2 (Tex. App.—Dallas June 27, 2017, no pet.) (mem. op.) (discussing two concepts together and concluding that patch of ice on driveway was "open and obvious or otherwise known to" invitee).

Some of the Texas Supreme Court's cases in this area have focused more on the invitee's subjective knowledge that a defect exists, while others have focused on the objective "open and obvious" nature of the property defect. Those in the first category include *Goss*. There, an employee stepped over a cart to get into a cooler and then, as she exited the cooler, struck her shin on the same cart. 262 S.W.3d at 795. The Court held that there was no duty to warn of hazards that are already appreciated. *Id.* A case in the second, open-and-obvious category is *Rosales*. There, the Court held that the danger of falling off the edge of an

9

undamaged sidewalk was open and obvious and therefore could not support a premises-liability claim. 505 S.W.3d at 912.

## C. Trial court did not err in granting summary judgment to DoubleTree

There is nothing in the record to indicate the exact height of the fountains in the DoubleTree hotel restaurant; however, the photograph reveals that the fountains stand more than a couple feet above the height of nearby dining tables and chairs. The fountains have tiers that allow water to cascade down the various levels until it reaches the matching pools below. The walkway to the back dining area is situated between the two pools. The water fountains add an aesthetic element to the restaurant.

Culotta's co-worker described the water feature as "dividing the restaurant in half," and Culotta said that "it was a straight walk" from the front of the restaurant to the fountains, as he and his co-worker made their way to the back dining area. Culotta testified that there was nothing obstructing his view of the fountains as he walked toward them. The co-worker stated that the "sound of running water" could be heard in the area of the walkway. And Culotta testified that he successfully moved from the front dining area onto the narrower walkway, meaning he avoided the leading edge of the fountain, before he stopped to allow the restaurant worker and his co-worker to move past him, return, and move past him again.

The record does not support any inference that the fountains were concealed. Instead, the evidence supports the conclusion that the fountains were objectively observable to a reasonable person exercising ordinary care in traversing the restaurant. Thus, we hold that the fountains were open and obvious conditions. *See Biggs v. Bradford Mgmt. Co.*, No. 05-17-00869-CV, 2018 WL 3629106, at *3 (Tex. App.—Dallas July 31, 2018, pet. denied) (mem. op.) (holding that skylights through which person fell while working on the roof were open and obvious conditions).

Culotta does not argue that any exception applies in this circumstance to place a duty on DoubleTree to warn against open and obvious dangers. *Cf. Nethery*, 2017 WL 2774448, at *3 (in affirming summary-judgment against invitee, stating that invitee presented no evidence to bring facts within necessary-use exception to no-duty rule).

Because the fountains were open and obvious conditions on the premises, DoubleTree had no duty, as a matter of law, to Culotta to warn against them. *See Rosales*, 505 S.W.3d at 912 (rendering judgment for premises owner on basis that sidewalk was open and obvious premises condition); *Biggs*, 2018 WL 3629106, at *3 (holding that skylights were open and obvious property condition against which

11

there was no duty to warn worker who fell through skylight).[3] We conclude the trial court did not err in granting summary judgment to DoubleTree on Culotta's premises-liability claim because DoubleTree had no duty as a matter of law.

**Culotta's other appellate issues**

Culotta raises several additional issues in his appeal, including challenges to the trial court's rulings on DoubleTree's objections to his summary-judgment evidence, assertions of discovery abuse by DoubleTree, and related claims for equitable relief to allow him to pursue his premises-liability claim. We do not reach these issues because the conclusion that DoubleTree had no duty to Culotta is determinative.

**Conclusion**

We affirm.

Sarah Beth Landau
Justice

Panel consists of Justices Lloyd, Landau, and Countiss.

---

[3] We also note that the evidence indicates Culotta was subjectively aware of the fountains, such that he knew of their presence as he walked toward and partly past them. *See Wallace v. ArcelorMittal Vinton, Inc.*, 536 S.W.3d 19, 23–24 (Tex. App.—El Paso. 2016, pet. denied) (concluding no duty to warn of tripping hazard that person successfully walked past once but tripped over when passing the second time). While it is possible that Culotta became disoriented to the fountains in the process of stopping, turning, shuffling backward, and turning again, that would not negate his awareness of the fountains.

# Addendum

