# NO. 12-21-00119-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LARRY GREENE,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *TROY LEE WATKINS, II AND TROY*<br>*LEE WATKINS, III,*<br>*APPELLEES* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant Larry Greene challenges the trial court's order granting summary judgment in favor of Appellees, Troy Lee Watkins, II and Troy Lee Watkins, III[1] as to Greene's claims for damages relating to personal injuries Greene allegedly sustained on premises owned by Appellees. In four issues, Greene argues that (1) the trial court erred by granting Appellees' motion for summary judgment because all of Greene's claims were not subject to the motion, and the motions were "convoluted" and failed to give him "clear notice" of the claims as to which Appellees sought summary judgment; (2) a genuine issue of material fact exists regarding whether the metal pole with concrete around its base posed an unreasonable risk of harm; (3) Appellees knew or should have known that the condition of the fence post created an unreasonable risk of harm, and they failed to warn Greene; and (4) a genuine issue of material fact exists as to whether the condition was open and obvious to Greene. We affirm.

### BACKGROUND

Greene sued Appellees, alleging that he suffered personal injuries while building a fence on their property. Greene pleaded that Watkins III "winched the pole out of the ground[,]" and he

---

[1] We will refer to Appellees collectively as "Appellees" and individually as "Watkins II" and "Watkins III."

was injured while helping Watkins III load the pole onto a truck. Greene contended that the pole had been attached to the property with a concrete base before Appellees removed it from the ground. According to Greene, Appellees "drove away from the scene of the incident while [Greene] was still on the floor in pain." In his petition, Greene asserted that the condition of the premises posed an unreasonable risk of harm because the metal pole was wrapped in concrete. Specifically, Greene pleaded that Appellees were negligent in failing to keep the premises in a reasonably safe condition, failing to inspect the premises to discover the hazard, and failing "to eliminate or reduce the unreasonable risk of danger presented by the moving of the metal pole[.]" Greene asserted that Appellees owed him a duty to maintain the premises in a reasonably safe condition. Additionally, Greene pleaded that he is entitled to punitive damages because Appellees acted with reckless disregard or gross negligence.

Appellees filed a hybrid motion for summary judgment, in which they asserted that there is no evidence that (1) the condition of the metal pole with concrete around its base posed an unreasonable risk of harm, (2) Appellees owed Greene a duty to warn of an open and obvious condition that Greene knew existed, (3) Appellees breached any duty to Greene, (4) Appellees' alleged failure to exercise reasonable care proximately caused Greene's injury, (5) Appellees failed to warn Greene of a dangerous condition, and (6) Appellees were grossly negligent.[2] Greene filed a response, in which he asserted that (1) a genuine issue of material fact exists as to whether the metal pole with concrete around its base posed an unreasonable risk of harm and whether the condition was open and obvious, and (2) Appellees had a duty to either warn or make the property safe, and "their failure to do so caused [Greene]'s shoulder injury. Greene asserted that Appellees owed him a duty to warn him of "the weight of the post caused by the cement encasing it" before he lifted the post. Attached to Greene's response as evidence were excerpts from the depositions of Greene's son, Chad, and Watkins II. In his deposition, Chad testified that he watched when Appellees "put [a] chain around the truck and the pole and yanked it out of the ground[,]" and he

_____

[2] Although Appellees designated their motion for summary judgment as a hybrid motion, the motion discusses only no evidence grounds. Appellees' motion quotes from and references Greene's deposition, and the motion states that excerpts from Greene's deposition are attached as an exhibit; however, Greene's deposition is not attached to the motion and does not appear in the record. Greene did not assert in his response to the motion for summary judgment that the quotations and paraphrases from his deposition testimony are inaccurate. *See generally* TEX. R. CIV. P. 166a(i) (placing the burden of proof on the non-movant for no evidence summary judgment); *Nalle Plastics Family Ltd. P'Ship v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 199 (Tex. App.—Corpus Christi 2013, pet. denied) (holding that the movant for no evidence summary judgment "has no burden to attach any evidence to the motion").

testified that the Watkinses "should have had some type of heavy equipment to assist in getting it in the back of the truck." According to Chad, the poles and concrete weighed over a hundred pounds. Watkins II testified that he and Watkins III were using a truck to pull up steel posts that were concreted into the ground.

The trial court conducted a hearing on the motion for summary judgment and signed an order, in which it granted Appellees' motion and ordered that Greene take nothing, without specifying the basis for its ruling. This appeal followed.

## SUMMARY JUDGMENT STANDARD OF REVIEW

We review the trial court's summary judgment de novo, and we view the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). When a party moves for both a traditional and a no evidence summary judgment, we first review the trial court's summary judgment under the no evidence standard of Rule 166a(i). *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If a no evidence summary judgment was properly granted, we do not reach arguments regarding the traditional motion for summary judgment. *See id*.

After an adequate time for discovery, a party without the burden of proof at trial may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense. *See* TEX. R. CIV. P. 166a(i). We review the trial court's granting of a no evidence motion for summary judgment under the standards set forth in Rule 166a(i) of the Texas Rules of Civil Procedure. *See id*. Because a no-evidence summary judgment is essentially a pretrial directed verdict, we review a no evidence motion for summary judgment under the same legal sufficiency standards as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003); *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).

A no evidence motion for summary judgment must state the elements as to which the movant contends there is no evidence. *Holloway v. Tex. Elec. Util. Constr., Ltd.*, 282 S.W.3d 207, 213 (Tex. App.—Tyler 2009, no pet.). "The motion must be specific in challenging the evidentiary support for an element of a claim or defense; conclusory motions or general no

evidence challenges to an opponent's case are not authorized." *Id*. Once a no evidence motion has been filed, the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged evidence. *Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no. pet.).

To defeat a no evidence motion for summary judgment, the non-movant must produce summary judgment evidence raising a genuine issue of material fact regarding each element challenged by the movant. *Ridgway*, 135 S.W.3d at 600. The non-movant raises a genuine issue of material fact by producing more than a scintilla of evidence establishing the challenged element's existence. *Id*.; *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). More than a scintilla of evidence exists when the evidence is such that reasonable and fair-minded people can differ in their conclusions. *Ridgway*, 135 S.W.3d at 601. If "'the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence.'" *Id*. (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). In determining whether the non-movant produced more than a scintilla of evidence, we view the evidence in the light most favorable to the non-movant and disregard all contrary evidence and inferences. *Id*.; *Chapman*, 118 S.W.3d at 751.

## CLARITY AND SCOPE OF MOTION FOR SUMMARY JUDGMENT

In issue one, Greene contends that all of his claims were not subject to Appellees' motion for summary judgment, and he argues that the motion was "convoluted" and failed to give him clear notice of the claims on which Appellees sought summary judgment. Greene maintains that the trial court's order "is not specific as to which claim or claims it is pronouncing judgment on[,]" and it therefore "does not dispose of all of [Greene]'s claims." Greene asserts that because the summary judgment does not address his negligent activity claim, the trial court's order stating that it disposes of all claims is erroneous.

## Analysis

When a non-movant believes that a motion for summary judgment is unclear, ambiguous, or lacks specificity, the non-movant must file special exceptions and obtain a ruling on the special exceptions to preserve the issue for appellate review. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993); *Reg'l Specialty Clinic, P.A. v. S. A. Randle & Assocs., P.C.*,

625 S.W.3d 895, 901 (Tex. App.—Houston [14th Dist.] 2021, no pet.); *Brocail v. Detroit Tigers, Inc.*, 268 S.W.3d 90, 100-01 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *see* TEX. R. APP. P. 33.1(a). Greene did not specially except to the motion for summary judgment, nor did he raise his complaints that the motion was "convoluted" and that it failed to address his negligent activity claim in his response to the motion. Rather than filing special exceptions to the motion for summary judgment, Greene filed a substantive response, in which he did not assert that the motion failed to address his negligent activity claim. Because Greene did not specially except to the motion for summary judgment, his complaint that it is "convoluted" is waived. *See McConnell*, 858 S.W.2d at 342; *Reg'l Specialty Clinic*, 625 S.W.3d at 901; *Brocail*, 268 S.W.3d at 100-01; *see also* TEX. R. APP. P. 33.1(a).

Moreover, we conclude that Appellees' motion for summary judgment adequately set forth the claims on which they sought summary judgment. *See McConnell*, 858 S.W.2d at 343 (holding that "[t]he practical effect of failure to [specially] except is that the non-movant loses his right to have the grounds for summary judgment narrowly focused, thereby running the risk of having an appellate court determine the grounds it believes were expressly presented in the summary judgment."); *see generally* TEX. R. CIV. P. 166a. Because Appellees' motion specified the six elements of which it contended Greene had no evidence, including, among other things, duty, breach of duty, and proximate cause, we conclude that Appellees' motion for summary judgment was sufficient to place Greene's causes of action for both negligence and premises liability at issue. *See* TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310-11 (Tex. 2009) (holding that movant for no evidence summary judgment need only identify each element challenged); *Nalle Plastics Family Ltd. P'Ship v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 199 (Tex. App.—Corpus Christi 2013, pet. denied) (holding that a movant for no evidence summary judgment need not present any evidence). For all these reasons, we overrule issue one.

### DUTY TO WARN OR TO MAKE PREMISES SAFE

In issue three, Greene argues that Appellees knew or should have known that the condition of the fence post created an unreasonable risk of harm, and they failed to warn him. Because this issue is dispositive, we address it next.

**Applicable Law and Analysis**

A person injured on another's property may have either a negligence claim or a premises liability claim against the property owner. *Reyes v. Brookshire Grocery Co.*, 578 S.W.3d 588, 591 (Tex. App.—Tyler 2019, no pet.). "Although premises liability is itself a branch of negligence law, it is a 'special form' with different elements that define a property owner or occupant's duty with respect to those who enter the property." *Id.* (citing *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005)). To prevail on a premises liability claim, a plaintiff must prove that (1) the landowner had actual or constructive knowledge of some condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) the landowner failed to exercise reasonable care to reduce or eliminate the unreasonable risk of harm, and (4) the landowner's failure to use reasonable care proximately caused the plaintiff's injuries. *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006). In a premises liability case, "the plaintiff must establish a duty owed to the plaintiff, breach of the duty, and damages proximately caused by the breach." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). To prevail on a negligence claim, a plaintiff must establish the existence of a duty, breach of that duty, and damages proximately caused by the breach. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). Negligence and premises liability "involve closely related but distinct duty analyses." *Urena*, 162 S.W.3d at 550. The issue of whether a duty exists is a threshold question of law because the lack of a duty precludes the imposition of liability in cases involving negligence and premises liability. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006); *see Smith*, 307 S.W.3d at 767; *Doe*, 907 S.W.2d at 477. If a plaintiff cannot show evidence of negligence, he is not entitled to recover for gross negligence. *Taylor v. Baylor Scott & White Med. Ctr.-Frisco*, No. 05-20-00352-CV, 2022 WL 405896, at *9 (Tex. App.—Dallas Feb. 10, 2022, no pet.) (mem. op.).

We will first consider the propriety of summary judgment with respect to Appellees' no evidence motion. *See Ridgway*, 135 S.W.3d at 600. We must affirm if any of the theories advanced is meritorious. *See Knott*, 128 S.W.3d at 216. With respect to invitees, a landowner has a duty to make the premises "safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be aware, but the invitee is not." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). However, a landowner is not an insurer of a visitor's safety. *Id*. Because "there is no need to warn against obvious or known dangers, a landowner generally has no duty to warn of hazards that are open and obvious or known to the

invitee." *Id*. at 204. Unless the relevant facts are disputed, the issue of whether a duty exists is a question of law. *Advance Tire & Wheels, LLC v. Enshikar*, 527 S.W.3d 476, 480 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Stewart v. Columbia Med. Ctr. of McKinney Subsidiary, L.P.*, 214 S.W.3d 659, 665 (Tex. App.—Dallas 2007, pet. denied).

In their motion for summary judgment, Appellees argued that Greene had no evidence that Appellees had a duty to warn him. Although Appellees' motion focused on the alleged lack of evidence of a duty to warn, subsumed within that argument is whether there is a duty to make the premises safe because, as discussed above, the law provides that a landowner may satisfy its duty to an invitee by either providing a warning or keeping the premises in a safe condition. *See Austin*, 465 S.W.3d at 204. In their motion for summary judgment, Appellees stated that Greene testified that Appellees wrapped the pole with a chain and pulled it from the ground using a pickup truck. Appellees also stated that Greene testified that he knew the pole would be extremely heavy, but when asked to help lift the pole from the ground and into the back of the truck, he agreed to do so.

"Courts have held that no duty existed because the condition was open and obvious where the dangerous condition was one the plaintiff knew of and appreciated or that a reasonable person would have known and appreciated." *Tex. Dep't of Transp. v. Ramirez*, 566 S.W.3d 18, 25 (Tex. App.—San Antonio 2018, pet. denied). Although we are unaware of any cases with facts identical to those presented here, the opinions of other appellate courts regarding what constitutes an open and obvious condition are instructive. The Austin Court of Appeals held that there was no duty to warn the plaintiff that a second story landing lacked guardrails because the potential hazard of falling was open and obvious. *Martin v. Gehan Homes Ltd.*, No. 03-06-00584-CV, 2008 WL 2309265, at *2 (Tex. App.—Austin June 4, 2008, no pet.) (mem. op.). In addition, the Dallas Court of Appeals held that ice on a residential driveway was an open and obvious condition when the plaintiff saw it before stepping on it. *Nethery v. Turco*, No. 05-16-00680-CV, 2017 WL 2774448, at *3 (Tex. App.—Dallas June 27, 2017, no pet.) (mem. op.). Moreover, the Eastland Court of Appeals held that a drop-off from the edge of a sidewalk to the ground below was open and obvious because the plaintiff admitted that she was aware of the drop-off before she fell. *Harris v. Serenity Found. of Tex.*, No. 11-17-00068-CV, 2019 WL 470671, at *1, *3-4 (Tex. App.—Eastland Feb. 7, 2019, no pet.) (mem. op.). In *Harris*, the Court held that the trial court correctly granted the motion for no evidence summary judgment because the plaintiff "did not

present summary judgment evidence sufficient to raise a genuine issue of material fact on the duty element[.]" *Id*. at *3.

Because the record indicates that Greene knew the pole and concrete would be heavy, we conclude that the facts of this case are analogous to those in ***Martin***, ***Nethery***, and ***Harris***; that is, Appellees did not owe Greene a duty to warn him or to protect him from the open and obvious risk of lifting the pole with concrete attached. *See **Harris***, 2019 WL 470671, at *3-4; ***Nethery***, 2017 WL 2774448, at *3; ***Martin***, 2008 WL 2309265, at *2; *see also **Ridgway***, 135 S.W.3d at 600. Therefore, we overrule issue three. Because this issue is dispositive of the appeal, we need not address issues two and four. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having overruled issues one and three and having concluded that there was no evidence to raise a genuine issue of material fact as to the existence of any duty Appellees owed to Greene, we ***affirm*** the trial court's summary judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 16, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 16, 2022**

**NO. 12-21-00119-CV**

**LARRY GREENE,**
Appellant
V.
**TROY LEE WATKINS, II AND TROY LEE WATKINS, III,**
Appellees

Appeal from the 173rd District Court
of Henderson County, Texas (Tr.Ct.No. CV19-0669-173)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, all costs of this appeal are assessed against the Appellant, **LARRY GREENE**, and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*