# NO. 12-22-00089-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SARAH KRUSTCHINSKY,* *APPELLANT* | § | *APPEAL FROM THE 457TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *ACADEMY, LTD. D/B/A ACADEMY* *SPORTS + OUTDOORS,* *APPELLEE* | § | *MONTGOMERY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Sarah Krustchinsky appeals the trial court's granting summary judgment in favor of Academy, Ltd. d/b/a Academy Sports + Outdoors (Academy).[1]  In a single issue, Krustchinsky contends the trial court erred in granting the motion.  We affirm.

## BACKGROUND

On December 15, 2018, Krustchinsky was shopping at an Academy store in The Woodlands when she tripped over a ladder and sustained injuries.  She filed suit in October 2020 alleging Academy failed to warn her of a dangerous condition on the premises.  In November 2021, Academy filed a traditional motion for summary judgment, arguing that the allegedly dangerous condition was open and obvious.  Therefore, according to Academy, it owed no duty to warn Krustchinsky.  The trial court granted Academy's motion without holding a hearing. This appeal followed.

---

[1] This case was transferred to this Court from the Ninth Court of Appeals in Beaumont, Texas, pursuant to a docket equalization order.  See Tex. Gov't Code Ann. § 73.001 (West 2013).

## MOTION FOR SUMMARY JUDGMENT

In her sole issue, Krustchinsky challenges the trial court's granting summary judgment in Academy's favor.

## Standard of Review

We review a trial court's summary judgment order de novo. ***Provident Life & Accident Ins. Co. v. Knott***, 128 S.W.3d 211, 215 (Tex. 2003). When, as here, the trial court's order granting summary judgment does not specify the grounds relied on for its ruling, "we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Id*. at 216.

The movant for traditional summary judgment must establish that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); ***Randall's Food Mkts., Inc. v. Johnson***, 891 S.W.2d 640, 644 (Tex. 1995). A defendant who conclusively negates at least one essential element of the nonmovant's cause of action is entitled to summary judgment as to that cause of action. *See Johnson*, 891 S.W.2d at 644. If the moving party produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence that raises a material fact issue. ***Walker v. Harris***, 924 S.W.2d 375, 377 (Tex. 1996). In determining whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. ***Nixon v. Mr. Prop. Mgmt. Co., Inc.***, 690 S.W.2d 546, 548-49 (Tex. 1985). We review the summary judgment record "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." ***City of Keller v. Wilson***, 168 S.W.3d 802, 824 (Tex. 2005).

## Applicable Law

To prevail on a premises liability claim, a plaintiff must prove that (1) the landowner had actual or constructive knowledge of some condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) the landowner failed to exercise reasonable care to reduce or eliminate the unreasonable risk of harm, and (4) the landowner's failure to use reasonable care proximately caused the plaintiff's injuries. ***LMB, Ltd. v. Moreno***, 201 S.W.3d 686, 688 (Tex. 2006). In a premises liability case, "the plaintiff must establish a duty owed to the plaintiff, breach of the duty, and damages proximately caused by the breach." ***Del Lago Partners, Inc. v. Smith***, 307 S.W.3d 762, 767 (Tex. 2010).

With respect to invitees, a landowner has a duty to make the premises "safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be aware, but the invitee is not." ***Austin v. Kroger Tex., L.P.***, 465 S.W.3d 193, 203 (Tex. 2015). However, a landowner is not an insurer of a visitor's safety. ***Id***. Because "there is no need to warn against obvious or known dangers, a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee." ***Id***. at 204. Unless the relevant facts are disputed, the issue of whether a duty exists is a question of law. ***Advance Tire & Wheels, LLC v. Enshikar***, 527 S.W.3d 476, 480 (Tex. App.—Houston [1st Dist.] 2017, no pet.); ***Stewart v. Columbia Med. Ctr. of McKinney Subsidiary, L.P.***, 214 S.W.3d 659, 665 (Tex. App.—Dallas 2007, pet. denied).

## Analysis

In its motion for summary judgment, Academy argued that Krustchinsky cannot establish that Academy owed her a duty. It urged that the ladder Krustchinsky tripped over was an open and obvious condition of which she was aware. In response, Krustchinsky stated "[n]o evidence exists that Plaintiff knew of the dangerous condition or that she was adequately warned of the dangerous condition prior to falling."[2]

Academy attached excerpts of Krustchinsky's deposition to its motion. Krustchinsky testified that she and her granddaughter were looking for a specific product and asked a clerk for help. She stated that the store was "pretty cluttered because it's Christmas." The clerk took Krustchinsky down an aisle. When they reached the end, the clerk turned around because he had taken Krustchinsky the wrong way down the aisle. According to Krustchinsky,

> A: So he turned around; but when I turned around, my foot got caught in this ladder. I didn't see the ladder going. And then when my foot got caught in the ladder, I fell; and I hit this metal dolly that was there. Now, the -- I remember the ladder was a little bit out in the aisle because when I turned around, my foot caught it.
>
> . . .
>
> Q: Was it concealed in any way, or was it just kind of in the aisle?
>
> A No, it was kind of in the aisle.

---

[2] We note Krustchinsky attached a copy of her deposition transcript as evidence. However, she did not, either in her summary judgment response or on appeal, address Academy's open and obvious argument. Instead, she focuses on whether Academy knew or should have known of the allegedly dangerous condition.

Q And how -- how big was the ladder? What I mean: Was -- was it like a -- like a step stool ladder, or was it --

A: No, it was a big ladder.

Q Like a V-ladder?

A Yes.

. . .

Q: It was cluttery; but -- but I want to be completely clear, at least, that the ladder and the dolly were not concealed, right?

A: No, they were right there.


"Courts have held that no duty existed because the condition was open and obvious where the dangerous condition was one the plaintiff knew of and appreciated or that a reasonable person would have known and appreciated." *Tex. Dep't of Transp. v. Ramirez*, 566 S.W.3d 18, 25 (Tex. App.—San Antonio 2018, pet. denied). Although we are unaware of any cases with facts identical to those presented here, the opinions of other appellate courts regarding what constitutes an open and obvious condition are instructive. The First District Court of Appeals in Houston held that a restaurant's fountain water feature was an open and obvious condition because the feature was objectively observable to a reasonable person exercising ordinary care. *Culotta v. DoubleTree Hotels, LLC*, No. 01-18-00267-CV, 2019 WL 2588103, at *4 (Tex. App.—Houston [1st Dist.] June 25, 2019, pet. denied) (mem. op.). The Austin Court of Appeals held that there was no duty to warn the plaintiff that a second story landing lacked guardrails because the potential hazard of falling was open and obvious. *Martin v. Gehan Homes Ltd.*, No. 03-06-00584-CV, 2008 WL 2309265, at *2 (Tex. App.—Austin June 4, 2008, no pet.) (mem. op.). In addition, the Dallas Court of Appeals held that ice on a residential driveway was an open and obvious condition when the plaintiff saw it before stepping on it. *Nethery v. Turco*, No. 05-16-00680-CV, 2017 WL 2774448, at *3 (Tex. App.—Dallas June 27, 2017, no pet.) (mem. op.). Moreover, the Eastland Court of Appeals held that a drop-off from the edge of a sidewalk to the ground below was open and obvious because the plaintiff admitted that she was aware of the drop-off before she fell. *Harris v. Serenity Found. of Tex.*, No. 11-17-00068-CV, 2019 WL 470671, at *1, *3-4 (Tex. App.—Eastland Feb. 7, 2019, no pet.) (mem. op.). And the Northern District of Texas held that a cardboard box in a freezer aisle was open and obvious when it was too large for the plaintiff to step over, was larger than a shoebox, nothing was

blocking the plaintiff's view, the box was heavy enough for the plaintiff to grab onto to get up, and it was not to the side of the aisle. *Adley v. Kroger Tex., L.P.*, No. 3:20-CV-01767-M, 2021 WL 2474156, at *3-4 (N.D. Tex. June 17, 2021).

The record indicates that the ladder at issue was not concealed but was open and obvious. Krustchinsky testified that the ladder was a large ladder in an aisle. In addition, Krustchinsky walked by the ladder once before tripping on it and she admitted that it was "right there" rather than concealed. As a result, the trial court could conclude that the ladder was reasonably observable to a person exercising ordinary care and was an open and obvious condition. *See Culotta*, 2019 WL 2588103, at *4. Accordingly, the trial court did not err in granting Academy's motion for summary judgment. We overrule Krustchinsky's sole issue.

## DISPOSITION

Having overruled Krustchinsky's sole issue, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered August 30, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 30, 2022**

**NO. 12-22-00089-CV**

**SARAH KRUSTCHINSKY,**
Appellant
V.
**ACADEMY, LTD. D/B/A ACADEMY SPORTS + OUTDOORS,**
Appellee

---

Appeal from the 457th District Court

of Montgomery County, Texas (Tr.Ct.No. 20-10-12563-CV)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, all costs of this appeal are assessed against the Appellant, **SARAH KRUSTCHINSKY**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*