In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00105-CV
_____

FREDDIE WALKER, Appellant

V.

CAROL ASCOL, Appellee

**On Appeal from the 60th District Court**
**Jefferson County, Texas**
**Trial Cause No. B-206,420**

**MEMORANDUM OPINION**

In six issues, pro se Appellant Freddie Walker ("Walker") complains the trial court erred by granting summary judgment in favor of Appellee Carol Ascol ("Ascol"). We affirm the trial court's order granting summary judgment in Ascol's favor.

1

# BACKGROUND

In October 2020, Walker sued Ascol for damages, including personal injuries, he allegedly sustained in a car accident caused by Ascol's alleged negligence and/or negligence per se. Walker alleged that Ascol's negligent conduct included violating the law and failing to: (1) stop at a red light; (2) control her speed; (3) safely operate her vehicle; (4) keep a proper lookout; (5) timely apply her brakes; and (6) maintain a safe distance. Walker attached his First Set of Interrogatories, Request for Production, Request for Admissions, and Request for Disclosure to his Original Petition, which included a Rule 193.7 Notice that all produced documents may be used against Ascol without the necessity of authentication.

Ascol filed an Original Answer asserting a general denial and that (1) Walker's injuries were the result of his pre-existing conditions that were not caused or aggravated by Ascol's conduct; (2) Walker's injuries were proximately caused by his own negligent acts and/or omissions; (3) statutory limitations applied to Walker's medical expenses and lost wage claim; (4) Walker failed to mitigate his alleged damages; (5) the accident was caused by a "sudden emergency" and/or an "unavoidable accident[;]" and (6) Walker's 193.7 Notice was premature, vague, and ambiguous because it failed to give notice of what specific document Walker intended to self-authenticate against Ascol. In November 2020, Ascol sent Defendant's Interrogatories, Request for Production, and Request for Disclosure to

Walker. In January 2021, Ascol served her Answers and Responses to Walker's First Set of Discovery Requests.

In March 2021, Walker filed his First Supplemental Notice of Filing Business Record Affidavits, stating he intended to use his medical records from Thrash Chiropractic Clinic, Beaumont VA Outpatient, and Touchstone Imaging Beaumont. Walker designated his expert witnesses from his medical providers who would provide their mental impressions and opinions regarding his medical and billing records, and Walker also reserved the right to elicit lay opinion testimony at trial. In August 2021, Ascol took Walker's deposition.

In December 2022, Ascol filed a No-Evidence Motion for Summary Judgment, arguing she was entitled to summary judgment on Walker's negligence claims. Ascol asserted that Walker's lawsuit had been on file since October 2020 and after engaging in discovery, Walker produced no evidence showing Ascol owed him a duty, breached a duty owed to him, or proximately caused his injuries, if any. Ascol argued that Walker produced no evidence that she violated any statute and that any such violation proximately caused his injury or damages.

Walker filed a No Evidence Motion for Summary Judgment on Defendant's Affirmative Defense of Contributory Negligence, arguing that Ascol caused the collision by using her cell phone while driving and failing to yield the right-of-way at a green light. Walker argued that Ascol unsafely changed lanes, suddenly applied

her brakes, and caused him to collide with her vehicle and sustain back and neck injuries. Walker alleged Ascol had no evidence to support her affirmative defense of contributory negligence and no evidence to raise a genuine issue of material fact that Walker's alleged negligence was a proximate cause of the collision.

Walker filed a Response to Defendant's No-Evidence Motion for Summary Judgment, arguing he had sufficient evidence to create a material fact question on his negligence claims and that Ascol's distracted driving caused the accident. Walker argued Ascol texted while driving, failed to control her vehicle, operate at a safe speed, and use her turn signal. Walker's summary judgment evidence included an alleged witness statement, photos and diagram of the scene, his deposition, his medical records showing the injuries and treatment he received beginning two months after the accident, and the parties' discovery responses.

Ascol filed a Reply in Support of No-Evidence Motion for Summary Judgment and Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence. Ascol argued Walker's Response was inadequate and includes unauthenticated exhibits and a witness statement that does not qualify as an unsworn declaration or affidavit. According to Ascol, Walker failed to produce more than a scintilla of evidence of the essential elements of his negligence claims, including failing to present expert testimony to establish causation. Ascol requested that the trial court grant her No-Evidence Motion for Summary Judgment.

4

After considering the parties' Motions, Response, and Reply, the trial court granted Ascol's No-Evidence Motion for Summary Judgment and ordered that Walker take nothing against Ascol. Walker appealed.

## ANALYSIS

In issues one through three and six, Walker argues Ascol failed to conclusively establish as a matter of law that he produced no evidence on his negligence claims. Walker contends his negligence claims are supported by his evidence in the record and that there are genuine issues of material fact regarding each element of his negligence claims. In issues four and five, Walker complains the trial court erred by granting summary judgment on limitations.

We review rulings on motions for summary judgment using a de novo standard. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In reviewing a no-evidence motion, we must view the evidence in the light most favorable to the non-movant. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600-01 (Tex. 2004). The Texas Supreme Court has explained that the trial court must grant a no evidence motion if (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively established the opposite of the vital fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex.

5

2003). Because a trial court's decision granting a no-evidence motion for summary judgment is essentially a pretrial directed verdict, the same legal sufficiency standard is used in reviewing rulings made by trial courts on motions for directed verdicts. *Id.* at 750-51. "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ridgway*, 135 S.W.3d at 600. "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

Walker argues the trial court erred in granting summary judgment on his negligence claims. To prevail on a negligence claim, a plaintiff must prove three elements: (1) legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately caused by the breach. *Kroger v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). In general, expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors. *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007); *Lara v. Bui*, No. 01-21-00484-CV, 2023 WL 2249205, at *4 (Tex. App.—Houston [1st Dist.] Feb. 28, 2023, pet. denied) (mem. op.). That said, generally, "'lay testimony establishing a sequence of events which provides a strong, logical traceable connection between the event and the condition is sufficient proof of causation.'" *Id.* (quoting *Morgan v.*

6

*Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984)). In a personal injury case, causation evidence generally includes "evidence of the pre-occurrence condition of the injured person, circumstances surrounding the occurrence, and the course of the injured person's physical condition and progress after the occurrence." *Guevara*, 247 S.W.3d at 666-67.

> Evidence "establishing a sequence of events which provides a strong, logically traceable connection between the event and the condition" could suffice to support a causation finding between the automobile accident and basic physical conditions which (1) are within the common knowledge and experience of laypersons, (2) did not exist before the accident, (3) appeared after and close in time to the accident, and (4) are within the common knowledge and experience of laypersons, caused by automobile accidents.

*Id.* at 667. Causation regarding certain types of pain, fractures, and similar basic conditions following a car wreck can be within common knowledge and experience of laypersons especially when the evidence shows the plaintiff was pulled from a damaged vehicle with overt injuries and transported to a medical facility for treatment. *Id.* at 667-68.

While evidence of an event followed closely by manifestation of or treatment for conditions which did not appear before the event raises a suspicion that the event caused the conditions, suspicion is not legally sufficient evidence to support legal causation. *Id.* at 668. Evidence that is so weak as to do no more than create a suspicion of the matter to be proved is no evidence unless combined with other causation evidence showing that the conditions exhibited themselves or were

7

diagnosed shortly after the event. *Id.* (citations omitted). When the evidence contains medical records for treatment first received several months after an accident, such evidence alone fails to provide a causal link. *Id.* at 669. Additionally, diagnoses in medical records are admissible if presented in compliance with the rules of evidence. But, to constitute causation, the expert opinion must rest in reasonable medical probability, which is determined by the substance and context of the opinion. *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 500 (Tex. 1995) (citations omitted); *Flores v Ochoa*, No. 09-21-00384-CV, 2024 WL 3706855, at **9-10 (Tex. App.—Beaumont Aug. 8, 2024, no pet.) (mem. op.) (explaining that expert evidence in the form of expert diagnoses must be based on reasonable probability); *Velasquez v. Montgomery County*, No. 09-22-00035-CV, 2023 WL 3013407, at **3-5 (Tex. App.—Beaumont Apr. 20, 2023, no pet.) (mem. op.) (concluding expert testimony, which was necessary to establish causation for medical conditions outside the general experience and common sense of a layperson, failed to establish causal link between the diagnosed injuries and the accident).

In his August 2021 deposition, Walker testified that in November 2018, he was in a car accident, and his vehicle's front bumper and light were damaged. Walker explained that he pulled onto the roadway and made a right turn behind Ascol, who pulled onto the shoulder of the road and then "cut" in front of him, causing him to hit her from behind. Walker stated he was traveling about 20 miles

per hour before the impact, which he described as "kind of" hard, but his airbag did not deploy. Walker testified that Ascol told him she was sorry and that she was on her phone and "wasn't paying no attention." Walker testified that they did not call the police and just exchanged information and left the scene.

Walker testified that his neck and low back were injured in the accident. Walker stated he first experienced neck and back pain "like two months after the accident." Walker explained that after the accident, he went to his Veteran Affairs ("VA") doctor, who told him to take Tylenol, and then a friend referred him to Thrash Chiropractic for therapy for his neck and back injuries. Walker testified that two months after the accident, he began treatment at Thrash Chiropractic and was referred for an MRI.

Walker's medical records show that on February 5, 2019, Dr. David Thrash noted that he saw Walker for an examination and treatment regarding injuries he sustained in an automobile accident on November 30, 2018. Thrash noted that Walker "stated that he has not [] seen any other doctors since the MVA." Thrash also noted that Walker's complaints included lower back pain, neck and upper back soreness, and headaches and that Walker reported that "all of the symptoms began about 2 weeks after the MVA." After taking x-rays, Thrash diagnosed Walker with the following:

> V43.15XA: Car driver injured MVA with SUV
> R51: Headache

M99.03: Seg and somatic dysf of lumbar reg
S33.5XXA: Sprain of lumbar ligts, initial
M99.02: Seg and somatic dysf of thoracic reg
S23.3XXA: Sprain of ligts of thoracic spine
M99.01: Seg and somatic dysf of cervical reg
S13.4XXA: Sprain of cervical ligts, initl.
M99.04: Seg and somatic dysf of sacral reg
M99.05: Seg and somatic dysf of pelvic reg

As for prior injuries, Walker explained that about twenty years ago he was in a single vehicle accident and experienced mild back pain that would "come back, you know, back and forth." Walker also explained that before the accident, he "sprung" his back on the job about three or four years ago and went to therapy.

First, we note that Walker's testimony that the accident caused his neck and back injuries does not sufficiently establish the causal link because it lacks temporal proximity between the accident and his first complaint of his injuries he reported to Dr. Thrash over two months after the accident. *See City of Laredo v. Garza*, 293 S.W.3d 625, 631-32 (Tex. App.—San Antonio 2009, no pet.). While Walker testified that he also told his VA doctor about his injuries, his VA medical records include no visits between the time of the accident and his first appointment with Dr. Thrash. *See Guevara*, 247 S.W.3d at 669 (stating medical records showing treatment several months after an accident does not provide a causal link on its own). Dr. Thrash's medical records merely create a suspicion that the accident caused Walker's injuries, and that suspicion is discounted by Walker's testimony that before the accident he sustained a back injury on the job and went to therapy. *See id.* at 668.

Secondly, the injuries Dr. Thrash diagnosed Walker with do not fall within the kinds of "basic" conditions in which expert testimony regarding the causal connection is unnecessary. *See Guevara*, 247 S.W.3d at 667-68. The types of injuries for which Walker sought compensation, including cervical and lumbar sprains and ligament sprains, are not the kind of immediate or nearly immediate injuries that are basic and common with an automobile accident and that would be within the general experience and common knowledge of laypersons. *See id.* at 668; *Velasquez*, 2023 WL 3013407, at *4; *McGee v. Tatum*, No. 05-21-00303-CV, 2022 WL 17248174, at **6-7 (Tex. App.—Dallas Nov. 28, 2022, no pet.) (mem. op.).

Additionally, while Dr. Thrash's medical records include the notation that Walker sought treatment regarding his injuries he sustained in an automobile accident on November 30, 2018, Dr. Thrash's notation is merely a recitation of what Walker reported during the visit and is not an independent conclusion that the accident caused Walker's injuries. *See Crye*, 907 S.W.2d at 500. Thus, Dr. Thrash's notation alone does not establish a causal link between the accident and the medical conditions Dr. Thrash diagnosed Walker with. *See id.*

After reviewing the summary judgment evidence, we hold no evidence proves legal causation. Accordingly, we conclude that the trial court did not err in granting summary judgment in Ascol's favor on Walker's negligence claims because Walker failed to produce more than a scintilla of evidence showing causation between the

11

accident and his injuries. *See Kroger*, 197 S.W.3d at 794; *Kindred*, 650 S.W.2d at 63. We overrule issues one through three and six. Since we determined the trial court did not err in granting summary judgment on Walker's negligence claims, we need not consider his issue five complaint that the trial court erred by granting summary judgment on limitations because it would not result in any greater relief. *See* Tex. R. App. P. 47.1.

In issue four, Walker complains the trial court erred by striking some of his summary judgment evidence attached to his Response for being inadmissible under the Rules of Evidence, lacking authenticity, and for his failure to adequately point the trial court to the specific evidence raising a fact issue. That said, the record does not show the trial court struck any of Walker's summary judgment evidence. Accordingly, we overrule issue four. Having addressed each of Walker's issues, we affirm the trial court's order granting summary judgment in Ascol's favor.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on November 21, 2024
Opinion Delivered March 27, 2025

Before Golemon, C.J., Wright and Chambers, JJ.